LUDTKE et al. v. HERTZOG et al.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1896.)

No. 425.

1. EVIDENCE—BEST AND SECONDARY—SUBSTANTIVE FACT.

Upon the trial of an issue involving the identity of a person to whom a Texas land certificate had been issued under the name of J. L., for services rendered in the Texan war of independence, a commissioner of the land office was called, and testified that, while the name of J. L. appeared on the muster roll of a certain company in the Texan army, the bounty warrant for the same term which J. L. served was issued to J. C. L., the latter being the true name of the person claimed by one of the parties to be the J. L. to whom the land certificate was issued. *Held*, that such evidence was neither immaterial, nor secondary, nor a conclusion of the witness, but a substantive fact, which the witness' connection with the records enabled him to show.

2. EVIDENCE—IMPEACHING WITNESS—CONTRADICTORY STATEMENTS.

Upon the trial of the same issue, a witness, having testified to certain facts as to the residence and occupation of one J. G. W. L., tending to show that he was the person to whom the land certificate was issued, was asked, on cross-examination, if it was not the fact that J. G. W. L. had resided at a different place, and if the witness had not so informed one B. at a certain time and place, to which the witness replied in the negative. B. and another person afterwards testified that the witness had made the statements referred to. *Held*, that such testimony was material, and that the foundation laid for it was sufficient.

3. EVIDENCE—TESTING RECOLLECTION—HISTORICAL FACT.

Evidence of a person, familiar with the particular department of history, as to the date of a historical fact, of which the court will take judicial notice, may be received for the purpose of testing the recollection of another witness who has testified to various facts and dates, material to the pending issue, some of which were fixed by the date of such historical fact.

In Error to the Circuit Court of the United States for the Northern District of Texas.

M. L. Morris and W. M. Crow, for plaintiffs in error.

A. T. Watts and W. S. Simkins, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

McCORMICK, Circuit Judge. This is an action of trespass to try title to one-third of a league of land described in the pleadings. The land was granted by the state of Texas to one Julius Lecomte by patent dated May 31, 1859, based on due location and survey, under the following certificate:

"No. 2.            County of Harrisburg.            Republic of Texas.

"Class 2.

"This is to certify that Julius Lecomte has appeared before us, the board of land commissioners, for the county aforesaid, and proved according to law that he arrived in this republic subsequent to the declaration of independence, and previous to the first day of August, 1836, and that he is a single man, and, having received an honorable discharge, is entitled to one-third of a league of land, to be surveyed after the 1st day of August, 1838.

"Given under my hand, at Houston, the 24th day of February, 1838.

"N. O. Dobie, President.
"Wm. T. Harris,
"Thos. W. Ward,
"Associate Commissioners."

Atala Hertzog, Elcey Breda, Laure Grenaux, and Eliza Prudhomme, citizens of Louisiana, are the heirs of one Julius Lecomte, and, as such heirs, bring this action, alleging that he was the person to whom the foregoing certificate issued. They offered evidence tending to prove their allegations. The verdict and judgment went against them in the circuit court, and they have not sued out a writ of error.

The intervener Rosina Ludtke, a citizen of Texas, is the heir of one Julius George Washington Lecomte, who, she alleges, was the person to whom the certificate issued, and, as such heir, she claims title to the land. The defendants are citizens of Texas. They plead the general issue and limitations. The material issue is the identity of the person named in the certificate. The evidence offered by the intervener tends to prove her claim. The evidence offered by the defendants tends to contradict the evidence offered by her, and to defeat her claim; and to show that one Julius Camille Lecomte, who was for a number of years resident in Harris county, Tex., was the person to whom the certificate issued. The trial resulted in a verdict and judgment for the defendants, and the interveners, said Rosina Ludtke, joined by her husband, August Ludtke, brought this writ of error. Thirteen errors are assigned. The first six of these relate to rulings of the trial court in admitting certain evidence over objection of interveners, and in sustaining objection to certain evidence offered by them.

This testimony of the witness McGaughey, commissioner of the land office, to which interveners objected, was properly admitted:

"In fact, while the name of Julius Lecomte appears on the muster roll of Capt. Durocher's Company A, First Regiment of Artillery, commanded by Col. J. C. Neill, the bounty warrant for 640 acres was issued to J. C. Lecomte for the same term of service that the muster roll shows Julius Lecomte to have served."

On the issue of identity, and in view of the state of all the other proof, it was not immaterial. It is not secondary evidence, or a mere conclusion of the witness, but is a substantive fact, which the

witness' relation to the archives in the land office and his examination thereof, with the view to answering the interrogatories propounded to him, enabled him to show. There was no error in admitting the copies of records in the comptroller's and in the commissioner's offices in reference to the purchase by Julius Lecomte of the lot on Galveston Island.

The objection to the evidence of the witness Brown as to a historical fact was not well taken. The fact in question was a matter of public history, of which the court had judicial knowledge, and the judge of the court did not err in permitting one so conversant with Texas history as this witness is known to have been to testify as to the time when Dr. Branch T. Archer returned from his public mission to the United States, in 1836. The office of this testimony was to test the recollection and memory of the witness, Green, a colored man, who had been a body servant of Dr. Archer, and who had testified in this case that he "first came to Texas with Dr. Branch T. Archer, who was a surgeon of Thomas Jefferson Green's brigade, which came on the same steamer with me. After I landed in Texas, about April 27, 1836, I left Velasco, Texas, and went to New Orleans, on the steamer Rights of Man. About May 6th or 7th I left New Orleans to return to Texas, and landed at Velasco about four days thereafter." These dates, and the date (25th of June) given by witness Brown, being all within the time between the 2d of March, when independence was declared, and August 1, 1836, when the war for independence was practically closed,—the time in which immigrants arriving and taking service were made the subjects of this special bounty,—the difference as to the dates was wholly immaterial, except as it might test the veracity or the memory of the witness Green. He was, at the most, only 14 years old in April, 1836. His testimony was taken by deposition after the lapse of nearly 60 years, and the common sense and common experience alike of courts and common people warrant and require that the memory of a witness testifying under such circumstances should be tested by all reasonable means within the reach of the inquirers.

The witness Green also testified:

"I knew a man by the name of Julius Lecomte. I first met him at Columbia, Texas, in May, 1836. He was with an artillery company. After the war, I next met him about 1837, at Harrisburg, Texas, and was intimate with him until 1854, and often during that time worked with him on boats on Buffalo Bayou. His full name was Julius George Washington Lecomte. In January or February, 1854, he married a German girl at Harrisburg. I saw him last in Galveston, in 1854, shortly after his marriage. I then left the state, and on my return, in May, 1857, I heard he was dead."

The defendants asked this witness:

"Is it not a fact that the Lecomte of whom you testify lived in or near Corpus Christi in the years 1837, 1838, and 1839, with Wilson, on the stock farm of Kennedy, and did you not so state to C. P. Boles at the Capitol Hotel, in Houston, on January 8, 1895?"

—To which the witness answered:

"I made no such statement to any one, but I did state that Lecomte and Wilson spent one season on the ranch of H. L. Kennedy, during the yellow fever at Houston, in 1840 or 1841, for three or four months of the latter part of the summer."

On the trial the court admitted, over the objection of interveners, the testimony of R. S. Nebbitt and C. P. Bates that at the Capitol Hotel, in Houston, Tex., on January 8, 1895, James Green had told each of them that in the years 1837, 1838, and 1839 Julius George W. Lecomte and John T. Wilson lived on the Kinney ranch, near Corpus Christi, Tex. This testimony was material, and, if it was necessary to lay a predicate for its introduction, we are of opinion that the predicate laid was sufficient.

We do not deem it profitable to notice separately the other specifications of error embraced in the assignment. None of them point out any error requiring the reversal of the case. The judgment of the circuit court is affirmed.