Stewart v. State.—Opinion of Court.

————

SAMUEL STEWART AND LENNIE STEWART, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The acts and conduct of a witness relative to the matters in controversy which are inconsistent with his testimony, likewise his motives, interest or animus as connected with the cause or with the parties thereto, may be proved for the purpose of weakening the force of his testimony; and for the same purpose it is proper to admit evidence of statements made by the witness relative to matters material to the issues contradictory of his testimony on the trial. As to all of these matters, if the witness denies or fails to admit the imputed act, conduct, motive, interest, animus or contradictory statement when interrogated about them on cross-examination he may be contradicted by other testimony proving them.

2. The answer of a witness on cross-examination respecting any fact irrelevant to the issue will be conclusive, and no question relating to facts irrelevant to the issue can be put on cross examination merely for the purpose of impeaching the credit of the witness by contradicting him.

Writ of Error to the Criminal Court of Record for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Barron Philips*, for Plaintiffs in Error.

*The Attorney-General*, for Defendant in Error.

CARTER, J.:

On June 20th, 1899, plaintiffs in error were tried and convicted in the Criminal Court of Record of Hillsborough county, upon an information charging that they in that county, on September 1, 1898, "being and knowing themselves to be persons within the degrees of consanguinity within which marriages are prohibited, and being forbidden to intermarry by reason that said Samuel Stewart was a brother of the said Lennie Stewart, did then and there unlawfully and feloniously commit incestuous fornication, and did then and there incestuously have carnal knowledge each of the body of the other, against the form of the statue," etc., and from the sentence imposed upon them sued out this writ of error.

Though various grounds of error are assigned, only one of them is argued in the brief filed in this court. The others under the prevailing practice must be treated as abandoned.

The principal witnesses for the State were James Bird and Henry Bird, who claimed to have witnessed an act of sexual intercourse between the plaintiffs in error in May, 1898. James Bird stated that it was on Saturday before the third Sunday in May, about the 14th day, that when he returned home that day he looked at the calendar because he was afraid the matter would be called, and he knew it was on or about the 14th day of May. Henry Bird stated that it occured about May 14, 1898; and, on cross-examination, that when they reached home James Bird looked at the almanac and said it was the 14th; that he asked James Bird to be certain and the latter told him it was the 14th. He was then

asked on cross-examination, whether he did not meet
John Browning on his way to see Whidden sometime
within a week when he was on his way to town and
asked him what time it was that the act occurred, and if
he did not ask him as to what day it was said to have
occurred, to all of which the witness gave a negative
answer. Plaintiffs in error produced John Browning
as a witness who stated that he remembered a conver-
sation he had with Henry Bird on the way to town,
when Bird was on his way to Whidden's, and was then
asked to state what that conversation was, to which the
prosecuting attorney objected, and the judge remarked
he could not see the materiality; that the question pro-
pounded to Bird on cross-examination was new matter,
collateral and immaterial to the issues. The question was
then renewed in this form: "state what this conversation
was. Now Mr. Browning, go on and state what he asked
you in reference to when he said this thing occurred?"
The answer to this question was excluded on the ground
that it was immaterial and irrelevant, to which ruling
an exception was taken. The answer so excluded was as
follows: "He asked me three different times since these
folks have been arraigned if I knew what the date was.
I told him that I did not know; that I did not exactly to
a day what the date was, but I knew near about it, and
then he tried to get me to tell what it was, and I told
him I would tell it here." The assignment of error argued
is based upon this exception, and the argument is that
the testimony was proper, because it tended to impeach
the witness Henry Bird by contradicting him. The acts
and conduct of a witness relative to the matter in con-
troversy which are inconsistent with his testimony, like-
wise his motives, interest, or animus as connected with

the cause, or with the parties thereto, may be proven for the purpose of weakening the force of his testimony. And for the same purpose it is proper to admit evidence of statements made by the witness relative to matters material to the issues contradictory of his testimosy on the trial. As to all of these matters, if a witness denies or fails to admit the imputed act, conduct, motive, interest, animus or contradictory statement when interrogated about them on cross-examination, he may be contradicted by other testimony proving them. Bryan v. State, 41 Fla. 643, 26 South. Rep. 1022; 10 Ency. Pl. & Pr. p. 280 *et seq.* But the answer of a witness on cross-examination respecting any fact irrelevant to the issue will be conclusive, and no such question can be put on cross-examination merely for the purpose of impeaching his credit by contradicting him. 3 Taylor Ev. § 1435; Eldridge v. State, 27 Fla. 162, 9 South. Rep. 448. If we apply these rules to the testimony here excluded, we will find the ruling of the court below to be correct. Strictly speaking, the excluded testimony did not tend to contradict Bird, for he was asked as to a particular conversation to which it is evident the excluded testimony did not relate. But assuming that it did tend to contradict, it was upon an irrelevant matter. It was certainly irrelevant to the issues being tried whether Henry Bird had ever asked Browning if he knew the date the offence was committed, or that he tried to induce Browning to tell him what day it occurred. There is nothing in the conduct of Bird or in the nature of the information sought, inconsistent with any fact testified to by him, nor does such conduct on his part tend to show any interest in the cause, or any motive or animus that would affect his credibility as a witness. There is

nothing in the conversations themselves indicating that Bird did not have personal knowledge of the commission of the offence, nor does the testimony show that the conversations occurred under such circumstances as to imply a want of such knowledge on the part of Bird. The proposed testimony was an attempt to contradict a witness as to an irrelevant collateral matter, drawn out on cross-examination, and was properly excluded. Hubbard v. State, 37 Fla. 156, 20 South. Rep. 235.

The judgment is affirmed.