[Crim. No. 386. First Appellate District.—October 18, 1912.]

## THE PEOPLE, Respondent, v. HAJARA SINGH and KAESAR SINGH, Appellants.

CRIMINAL LAW—ROBBERY—EVIDENCE—DENIAL OF STATEMENT—FOUNDA-
TION FOR IMPEACHMENT.—Where one of the defendants in a prose-
cution for robbery, on his cross-examination gave evasive answers
to questions asked as to statements made by him, and when asked
whether he had not stated on the day of his arrest in the presence
of the "deputy sheriffs and others" that "'he was not present at the
scene of the crime at all on the day of its commission," replied:
"I did not say anything like that," a sufficient foundation was laid
for impeaching testimony of the sheriff, that such statement was
made by such defendant on the day of his arrest in the presence
of the sheriff and his deputies.

ID.—RELATION OF IMPEACHMENT TO UNDENIED CONTRADICTORY STATE-
MENTS NOT ADMITTED.—While, in general, a witness cannot be im-
peached by evidence of previous contradictory statements which he
does not deny having made, said rule is subject to the qualifica-
tion, that such impeaching evidence is admissible, if the witness
does not distinctly admit that he made the statements attributed
to him.

ID.—RULE AS TO FOUNDATION FOR IMPEACHMENT—MINOR DEFECTS NOT
CONSIDERED.—While it is a settled rule that before the contradictory
statements of a witness can be properly admitted for impeachment
purposes, the proper foundation therefor must be laid; yet minor
defects in the foundation question should not be seriously con-
sidered, and it will generally suffice to designate the person to
whom the statement was made, without naming all of the other per-
sons who may have been present, if it is otherwise clear that the
attention of the witness is called to the conversation in such a manner
that it can with reasonable certainty be identified by him.

ID.—PROPER REQUESTED INSTRUCTIONS—DUTY OF EACH JUROR AS TO
REASONABLE DOUBT.—Requested instructions to the effect that the
defendant was entitled to the individual opinion of each member
of the jury, and that if any juror entertained a reasonable doubt
of the guilt of the defendant, he should not vote for a verdict of
guilty, merely because a majority of the jurors believed the de-
fendant to be guilty, contained a correct statement of the law, and
should have been given, and it was error to refuse them.

ID.—NONREVERSIBLE ERROR—ADMONITORY INSTRUCTION INCLUDED IN
OATHS OF JURORS—JUSTICE NOT MISCARRIED.—It is held that the
error in refusing such instruction is immaterial; that the instruc-
tion was admonitory and was embodied in the oaths of each juror

to well and truly try the case and render a verdict according to
the evidence; and that in view of the whole case it cannot be said
that justice has miscarried as the result of the error.

APPEAL from a judgment of the Superior Court of Fresno
County and from an order denying a new trial. H. Z. Aus-
tin, Judge.

The facts are stated in the opinion of the court.

Lewis H. Smith, for Appellants.

U. S. Webb, Attorney-General, and J. H. Riordan, for
Respondent.

LENNON, P. J.—The defendants in this case were con-
victed of the crime of robbery, and have appealed to this court
from the judgment and from an order denying them a new
trial.

The alleged error of the trial court in the admission of evi-
dence, and the refusal to give certain requested instructions,
are the only points presented and discussed in support of the
appeal.

The defendant Hajara Singh was called and testified as a
witness in his own behalf. Upon direct examination he testi-
fied that he was at the place where the robbery occurred on the
day that it was charged to have been committed. Upon cross-
examination he was asked if he did not state, in the presence
of several deputy sheriffs, on the day that he was arrested and
brought into the sheriff's office that he was not at the place of
the robbery on the day of its commission. The defendant
failed to give a direct answer to the question. The question
was substantially repeated several times, but upon each occa-
sion the defendant to all appearances willfully evaded giving
a direct answer. Thereupon the district attorney asked the
general question, "Well, did a conversation of that kind occur
down there in the jail?" Again the defendant dodged the
question, and finally he was asked if he did not, "in the pres-
ence of a number of deputy sheriffs, Mr. Thorwaldson and Mr.
Bartoff and others," say in effect that he was not at the scene
of the crime at all on the day of its commission. To this ques-
tion the defendant answered "I did not say anything like

that.'' At this point the defendants rested their case; and the prosecution called Walter S. McSwain, sheriff of Fresno County, who, when sworn as a witness, was asked if the defendant had said when he was arrested, in the presence of the sheriff and a number of deputy sheriffs, that ''he was not out to the Truxwa place or out where Kaesar Singh and Inder Singh and Ishar Singh was on Christmas day.'' To this question counsel for defendants objected, among other things, that no proper foundation had been laid for it. The trial court overruled the objection, and permitted the witness to answer ''for the purpose of impeachment and not for any other purpose'' that the witness had made the statement indicated in the question.

It is now insisted upon behalf of the defendants that no proper foundation was laid for the impeaching testimony because the impeaching question put to the assailed witness made no reference to any conversation occurring in the presence of Sheriff McSwain, and also because the assailed witness neither affirmed nor denied that he had said the things imputed to him by the impeaching question.

It is true generally, as asserted by counsel for the defendants, that a witness cannot be impeached by evidence of previous contradictory statements which he does not deny having made; but this rule is subject to the qualification that such evidence is admissible if the witness does not distinctly admit that he made the statements attributed to him. (Jones on Evidence, sec. 845; Stephen on Evidence, art. 131; *Stewart* v. *State,* 42 Fla. 591, [28 So. 815].)

In the present case the evidently evasive answers of the assailed witness to several of the questions put to him were tantamount to a refusal to admit the statements therein imputed to him; and this in itself was sufficient to warrant the People in showing, if they could, that he did make those statements. But however that may be, his answer to the final question of the district attorney that ''he didn't say anything like that'' relieves the situation of all doubt, and clearly made the impeaching evidence of Sheriff McSwain admissible if the foundation question was otherwise sufficient. It is a settled rule of evidence that before contradictory statements of a witness can be properly admitted in evidence for impeachment purposes the proper foundation therefor must be laid. The

essentials of a sufficient foundation for the introduction of such evidence are to be found in section 2052 of the Code of Civil Procedure, which provides: ''A witness may . . . be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done the statements must be related to him, with the circumstances of times, places and persons present; and he must be asked whether he made such statements, and if so, allowed to explain them.''

The rule requiring such foundation was designed for the purpose of fully informing the assailed witness of the particulars of the alleged contradictory statement, together with the circumstances of the time and place of its making, and the persons present, in order that the witness, in justice to himself and the party in whose behalf he was called, might fairly and intelligently deny, affirm, or explain the statements attributed to him.   Accordingly the requirements of the rule under discussion are sufficiently complied with when it is made to appear, as was done in the case at bar, that the assailed witness understood the nature and purport of the contradictory statements imputed to him, and was fully informed of the time and place of their utterance, and knew generally who was present on the occasion referred to.   In short, minor defects in the foundation question should not be seriously considered; and it will generally suffice in a foundation question to designate merely the name of the person to whom the statement was made without naming all of the other persons who may have been present, if it is otherwise clear that the attention of the witness is called to the conversation in such a manner that it can with reasonable certainty be identified by him.

In the present case all of the several foundation questions put to the assailed witness specifically referred to the time and place of the alleged contradictory statements; and one at least of those questions called the witness's attention to a conversation claimed to have been had ''in the presence of a number of deputy sheriffs, Mr. Thorwaldson and Mr. Bartoff and others.''   This, we are satisfied, constituted a sufficient foundation, within the spirit and purpose of the rule, for the subsequent introduction of the impeaching testimony given by the witness, Sheriff McSwain.   (*Ludtke* v. *Hertzog,* 72 Fed. 142,

[18 C. C. A. 487]; *State* v. *Bartmess,* 33 Or. 110, [54 Pac. 167].)

The trial court refused to give certain requested instructions, which were to the effect that the defendant was entitled to the individual opinion of each member of the jury, and that if any juror entertained a reasonable doubt of the guilt of the defendant he should not vote for a verdict of guilty merely because a majority of the jurors believed the defendant to be guilty.

These instructions were framed and requested in the very language of instructions similarly refused in the case of *People* v. *Dole,* 122 Cal. 486, [68 Am. St. Rep. 50, 55 Pac. 581]. In that case the supreme court said that such instructions contained a correct statement of the law and should have been given. This admonition was subsequently repeated in the concurring opinion of Mr. Chief Justice Beatty in the case of *People* v. *Howard,* 143 Cal. 316, 323, [76 Pac. 1116], and in the case of *People* v. *Wong Loung,* 159 Cal. 520, [114 Pac. 829], the supreme court reiterated the propriety and justice of giving the same or a similar instruction in every criminal case. The verdict and judgment in each of the three cases just cited were reversed, but not because of the refusal to give the requested instructions. A reversal was ordered in each instance for other errors occurring at the trial which, apparently, affected the substantial rights of the defendant.

While the opinion of the supreme court as expressed in those cases is binding upon us, and should have controlled the trial court in its application of the law to the facts of the present case, nevertheless we are satisfied that the mere failure to charge the jury as requested was not, in and of itself, an error of sufficient gravity to warrant a reversal.

The subject matter of the requested instructions was substantially embodied in the oath administered to the jurors "that they and *each* of them" would "well and truly try the matter at issue . . . and a true verdict render according to the evidence." The requested instructions were in effect simply admonitory and cautionary of the sworn duty of the jurors, and merely told them to do what they should do without any instruction upon the subject. We apprehend that if the refusal to give such an instruction was the only point involved in the case of *People* v. *Dole,* 122 Cal. 486, [68 Am.

St. Rep. 50, 55 Pac. 581], and the other cases following it, the judgment in those cases would not have been reversed. If that be so, then it must be held here that, although the refusal to give similar instructions in the present case was error, it was not an error which, standing alone, requires a reversal of the judgment.

Moreover, we are unable to say, after an examination of the entire case, including the evidence, that the error complained of resulted in a miscarriage of justice.

No other error appearing in the trial of this case, it is ordered that the judgment and order appealed from be affirmed.

Hall, J., and Kerrigan, J., concurred.