**WILLIAM TAMMIE WHALEY v. THE STATE OF FLORIDA**

26 So. (2nd) 656                                    June Term, 1946
June 11, 1946                                              Division B

*Frank R. Greene,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen* and *Cecil T. Farrington,* Assistant Attorney General, for appellee.

SEBRING, J.:

Under an indictment for the murder of his ex-wife, Nell Whaley, the appellant, William Tammie Whaley, was convicted of manslaughter. He has appealed from the judgment and has assigned as error the refusal of the trial court to grant a motion for new trial on the grounds of the insufficiency of the evidence and on other grounds set forth in the motion.

We shall first consider the sufficiency or insufficiency of the evidence to sustain the verdict. In the record is evidence that the married life of the Whaleys had been turbulent and stormy. Shortly prior to her decease Mrs. Whaley had procured a divorce from her husband on the ground of extreme cruelty. By order of the court the infant child of the parties was given to the ex-husband who thereafter made a home for the child and himself on his mother's farm near Ocala, Florida. Some time after the divorce decree had been entered Mrs. Whaley had come down from Jacksonville, where she was working, to see her child and its father. While there she had sought a reconciliation with Whaley. As a result of the visit Whaley had promised that he would consider a reconciliation and remarriage after he returned from the army, into which he was about to be inducted, if in the meanwhile his wife would mend her ways and would refrain from associating with disreputable companions. On the morning of the death of Mrs. Whaley the defendant left his mother's home on business and did not return until evening. While he was away the former Mrs. Whaley left the home, explaining to Whaley's mother that she was leaving for the purpose of catching a bus back to Jacksonville. The same evening, after returning from work, Whaley was at a cafe in North Ocala and while there saw his ex-wife, whom he supposed had gone to Jacksonville, drive up in an automobile driven by a man who was a stranger to Whaley. This aroused Whaley to extreme anger, with the result that at his first opportunity he

forcibly placed his ex-wife in his own car against her will, drove her to an isolated spot in the country off the highway, and there gave her a brutal beating with his fists. From this spot in the woods Whaley drove his car with his ex-wife in it out onto a paved highway with the purpose in view of taking her to his mother's home. As the car was proceeding along the highway Mrs. Whaley jumped from the moving car and was thrown to the pavement, sustaining injuries from which she died. For the purpose of showing the reason for Mrs. Whaley's precipitate exit from the automobile the State produced witnesses who testified that after Whaley had been arrested and placed in jail he made a full and voluntary confession or admission to the effect that his wife sought escape from the moving car because she feared that he, Whaley, was about to give her another beating. As testified to by one of the state witnesses who interrogated the defendant: "I said, 'Tammie, were you beating your wife or whipping her when she jumped out of the car,' he said 'no.' He said 'I was mad and I guess I was cussing her and I drew back like I was going to hit her with my fists and she jumped out of the car.'" It is upon these statements made to the arresting officers that the State relies mainly for proof of the homicide.

Though the alleged confession made to the arresting officers was denied as to some of its particulars when the defendant took the stand in his own behalf, we are of the view that the confession, together with other evidence adduced, was sufficient to sustain the verdict if the jury saw fit to believe it. "A person who by actual assault or threat of violence causes another acting upon well-grounded or reasonable fear or apprehension to do an act resulting in physical or corporeal injury causing his death, is responsible for the homicide." See 29 C.J. p. 1080, Homicide Sec. 54; 40 C.J.S. 853, Homicide Sec. 11; 3 Greenleaf on Evidence, 16th Ed. Sec. 142; Wharton on Homicide Sec. 374; Wharton on Criminal Law, (12th Ed.) Secs. 206, 209; Rex. v. Hickman, 5 C. & P. 150; Reg. v. Pitts, C. & M. 284, 41 ECL 159; Adams v. The People, 108 Ill. 444, 50 Am. R. 617; Thornton v. State, 107 Ga. 683, 33 S. E. 673; Norman v. U. S., 20 App. (D.C.) 494; Whiteside v. State, 115 Tex. Cr. 274, 29 S.W. (2nd) 399; San-

ders v. Commonwealth, 244 Ky. 77, 50 S.W. (2nd) 37; Patterson v. State, 181 Ga. 698, 184 S.E. 309.

During the course of the testimony offered by the state in regard to the oral confession allegedly made by Whaley, a state witness testified as to what he recollected that the appellant had told him with reference to the route followed by the appellant and deceased in traveling from the cafe in North Ocala to the point in the woods where the beating was administered. When the defendant took the stand he testified to having taken an entirely different route from that narrated by the State witness. Thereafter, in an effort to impeach the State witness the defendant procured a transcript of the testimony taken at the preliminary hearing wherein the State witness was supposed to have given testimony concerning the route of travel which was different from the testimony given at the trial. The State objected to the introduction of the transcript and the court sustained the objection on the ground that the attempted impeachment was in regard to an immaterial issue. We find no error in this ruling.

The State relied for conviction upon circumstantial evidence coupled with the oral confession supposed to have been made by the defendant to the arresting officers immediately after the death of Mrs. Whaley. On the trial the defendant as a witness in his own behalf contradicted the state witnesses on some important phases of the alleged oral confession. Thereafter to strengthen his testimony the defendant produced witnesses and offered to prove by them that the defendant bore a good reputation for truth and veracity in the community where he resided. Upon objections duly interposed by the State the court refused to allow the proffered testimony to be given. We are of the view that the trial court was correct in this ruling. The rule is that in criminal prosecution defendant's general reputation for truth and veracity is not admissible, except where the trait of truthfulness is involved in the criminal charge, or where, having taken the stand in his own behalf the defendant's credibility as a witness is attacked by the prosecution. Wharton's Criminal Evidence, 11th Ed. p. 458, Sec. 330; 16 C. J. 582,

Criminal Law, Sec. 1124; 22 C.J.S. 1076, Criminal Law Sec. 677; 20 Am. Jur. 303, 304, 307, Evidence Secs. 324, 327; Jones Commentaries on Evidence, (2nd) pp. 4847, 4848, Sec. 2446. The record does not show that any attempt was made by the State to assault the defendant's general reputation for truth and veracity. The fact that the testimony of several State witnesses as to the substance of an oral confession given by the defendant differed materially from the defendant's version of what he had told such witnesses did not render the character testimony offered admissible, as it is well settled that the mere contradiction of a defendant who offers himself as a witness is not such impeachment of his character as to authorize the introduction of evidence of his good character or reputation for truth and veracity to sustain him. Wharton's Criminal Evidence, Vol. 3, 11th Ed. p. 2300 Sec. 1406; 1 Greenleaf on Evidence, 16th Ed. pp. 603, 604, Sec. 469-a; Jones Commentaries on Evidence, 2nd Ed. pp. 4862-4864, Sec. 2455; 70 C. J. 1177, Witnesses Sec. 1363. There are no Florida decisions to the contrary.

Other questions raised by appellant have been duly considered and we hold that they are not of such substance as to warrant reversal of the judgment.

The judgment appealed from is affirmed.

It is so ordered.

CHAPMAN, C.J., BROWN and THOMAS, JJ., concur.