WARREN, LAMAR, Associate Judge.
This is an appeal from the judgment and sentence of the criminal court of record wherein the defendant (appellant) was found guilty of assault with intent to commit rape and of dangerous display of a deadly weapon.
The principal question herein, and the one on which we must reverse the lower court, is whether or not the defendant should have been accorded the procedural right to the concluding argument before the jury (F.S. 918.09, F.S.A.).
The defendant offered his own testimony and then produced a character witness. The witness gave his name, residence, length of residence, the length of his acquaintance with the defendant, and upon being asked if he knew the defendant’s reputation in the locality for truth and veracity, the court after objection ruled the same inadmissible. No other testimony followed. See Whaley v. State, 157 Fla. 593, 26 So.2d 656. When the defendant rested, however, the court held that the state had the opening and closing argument.
We feel that the effect of the ruling of the court restricting the witness’ testimony was that the defendant offered no testimony in his own behalf except his own. No case upon the point presented has been cited to us, and our research has revealed *786 none, although in Talley v. State, 160 Fla. 593, 36 So.2d 201 and in Kennedy v. State, Fla., 83 So.2d 4, it was decided that, while the defendants therein adduced no witnesses other than themselves, the introduction in evidence by the defendants of photographs which tended to prove facts in issue was testimony within the meaning of section 918.09. What value the limited appearance of the witness could have to the jury in its deliberations was too speculative to deprive the defendant of his right under the statute; we cannot agree that his mere appearance in the trial constituted testimony.
We have considered the other questions raised and do not find that harmful or reversible error was committed by the court below.
The cause is reversed and a new trial awarded.
ALLEN, Acting Chief Judge, and SHANNON, concur.