NIMMONS, Judge.
Jacqueline Louise Hills appeals from her conviction, after a jury trial, of second degree murder. The primary issue for our consideration is whether the trial court erred in allowing into evidence a tape recording of Hills’ entire testimony before the grand jury which indicted her. We affirm.
In her appearance before the grand jury, she was questioned for approximately 20 minutes. Her testimony was recorded on tape and offered by the prosecution as evidence to impeach Hills’ testimony at trial. Over defense counsel’s objection that most of his client’s tape recorded grand jury testimony was not inconsistent with her trial testimony and that it was not proper to play the entire recording, the court received the tape in evidence, and it was played for the jury.
Hills advances essentially three arguments in her defense. First, she contends that her grand jury testimony was hearsay under Section 90.801(l)(c), Florida Statutes (1981), and does not fall within any exception to the rule. Second, even if some of her statements before the grand jury were inconsistent with those offered at trial, the entire grand jury testimony should not have been received into evidence. Finally, she argues that the trial court erred in failing to instruct the jury that the grand jury testimony should be considered only for impeachment purposes.
We reject Hills’ argument that her conviction should be reversed on the grounds that the statements offered into evidence were inadmissible hearsay. No such objection was made at trial and may not be asserted for the first time on appeal. Second, it is well established that the prosecution may impeach a witness by showing that the testimony of such witness’ grand jury testimony is inconsistent with his trial testimony. See, e.g., State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687 (1936). We agree that the former statement must in fact be inconsistent with the present testimony and must relate to material matters pertaining to the subject matter of the cause. Myers v. State, 43 Fla. 500, 31 So. 275 (1901); Whaley v. State, 157 Fla. 593, 26 So.2d 656 (1946). A review of Hills’ grand jury testimony reveals that there were three material matters inconsistent with her trial testimony. The remaining *320 portion of her grand jury testimony was not impeaching and, therefore, should not have been played for the jury.[1] However, such remaining portion of the grand jury testimony did not contain anything of a prejudicial nature. Therefore, while the admission of this extra testimony was inadmissible, any error in its admission was harmless. Our opinion is not in conflict with our previous opinion in Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA 1982), relied upon by Hills. There, this Court held that none of the grand jury testimony was admissible and that it was error to allow it in evidence.[2]
Finally, while Hills complains that the trial court failed to instruct the jury to consider her grand jury testimony only for impeachment purposes and not as substantive evidence, no timely objection on this basis was made to the trial court. Hence, this issue has not been preserved for appeal. However, even if it had been properly preserved, Hills’ argument would be to no avail. The Fourth District Court of Appeal has properly held that a prior inconsistent statement, such as recanted grand jury testimony, is admissible as substantive evidence under Section 90.801(2)(a), Florida Statutes (1981). State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1982).[3] We agree with that holding and, for this and the other reasons advanced above, the judgment of the trial court is AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.

. We recognize that precise excision from tape recorded statements or conversations of only those portions which contain inconsistent statements is, in many instances, easier said than done. The trial court must be accorded some discretion in separating out the wheat from the chaff in such recordings so that playback of the resulting product can be followed and understood.

. Even in Hawthorne, there was no holding that the error in admitting the grand jury testimony was sufficiently prejudicial to require a new trial. The Hawthorne opinion stated that reversal was required on another point but made no such observation regarding the error pertaining to the inadmissible grand jury testimony.

. Section 90.801(2)(a) provides:
“(2) A statement is not hearsay if the declar-ant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition.”
Prior inconsistent statements of the kind qualifying under the above-quoted provision may be used as substantive evidence. See “Law Revision Council Note — 1976,” West’s F.S.A. § 90.-801(2)(a) at page 238.