COBB, Judge.
The appellant, Mathews, was charged with the armed robbery of one Mark Roberts. The state responded to a defense discovery demand with a list of witnesses, which did not include the name of Larry Watts. At jury trial, Mathews took the stand in his own behalf. During cross-examination the following exchange transpired:
Q. Do you know Larry Watts?
A. Who?
Q. Larry Watts.
A. Not right offhand.
Q. Do you recall giving a statement that you took property to Larry Watts and traded it to Larry Watts in exchange for Cocaine?
A. No.
Q. And that you were hooked on cocaine?
A. No.
Q. And later when it came time for you to testify, you said that you had lied and made that statement up? Do you recall that?
MR. WOOD: Objection. Objection, Your Honor. May I approach?
THE COURT: What’s the legal basis for your objection?
MR. WOOD: Who is Larry Watts?
THE COURT: I haven’t the foggiest notion.
MR. WOOD: These statements were not provided or Defense was not notified of a Larry Watts. Never were these statements provided to the Defense. I don’t even know where the State is getting this from or if he’s making it up.
THE COURT: Objection is overruled. Go ahead.
At the conclusion of the case for the defense, Mathews’s motion for mistrial was denied. The jury then convicted Mathews as charged. The prosecutor sought an enhanced penalty pursuant to the Habitual Offender Statute. Mathews was sentenced to life imprisonment with 15 years under the minimum mandatory provisions of section 775.084(4)(b)l, Florida Statutes (1989).
On appeal Mathews contends the trial court erred in overruling his objection to the statement concerning Watts and in failing to conduct a Richardson[1] inquiry when alerted to the discovery violation by the state. The appellant relies on Florida Rule of Criminal Procedure 3.220(b)(1)(iii), which requires disclosure of any “written or recorded statements and the substance of any oral statements made by the accused, including a copy of any statements obtained in police reports or report summaries, together with the name and address of each witness to the statement.” See Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA), review denied, 492 So.2d 1335 (Fla.1986). The appellant argues that without a Richardson inquiry, an appellate court cannot be certain that the error was harmless. See Smith v. State, 500 So.2d 125 (Fla.1986); Cumbie v. State, 345 So.2d 1061 (Fla.1977); McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981).
The appellant also contends that the trial court erred in imposing a mandatory minimum sentence of 15 years, which applies to violent felony offenders, when the two pri- or felonies introduced by the state against Mathews were burglary and theft, neither of which is enumerated in section 775.-084(1)(b)1 and 2, Florida Statutes (1989).
The state argues that no Richardson error occurred because there is nothing in the record to show that the disclosed statement alluded to by the prosecutor ever existed. That, ironically, was the point of the defense objection below. Clearly, the trial court erred in overruling the objection to the state’s questions based upon Mathews’s supposed statement about his drug transaction with Watts. If the statement existed, then the state should have disclosed it pursuant to the applicable discovery rule if it were to be used by the state at trial; if the statement did not exist, *1176 then the state was guilty of a fraud upon the court. In either event, a new trial is required. The statement, assuming its existence, was irrelevant to the charge of armed robbery and should have been excluded under any circumstance. The reason for this is that a witness may not be impeached by proof of statements as to irrelevant or immaterial matters. Whaley v. State, 157 Fla. 593, 26 So.2d 656 (1946); Stewart v. State, 42 Fla. 591, 28 So. 815, 816 (1900); Gelabert v. State, 407 So.2d 1007, 1009-1010 (Fla. 5th DCA 1981); Schwab v. Tolley, 345 So.2d 747, 754 (Fla. 4th DCA 1977).
Although unnecessary for disposition of the instant appeal, we also note that the trial court erred in sentencing the offender as a violent felony offender for the reasons urged by the appellant.
REVERSED FOR NEW TRIAL.
DAUKSCH and GOSHORN, JJ., concur.

. See Richardson v. State, 246 So.2d 771 (Fla. 1971).