PER CURIAM.
The defendant below, Publix Super Markets, Inc. [Publix], appeals from a final judgment entered in favor of the plaintiff below, Helen Sweet. We reverse the final judgment and remand for further proceedings.
Ms. Sweet’s purse was snatched as she was walking on the sidewalk in front of the Publix on Monza Avenue in Coral Gables. Ms. Sweet brought an action against Publix alleging that Publix has a duty “to exercise reasonable and ordinary care to keep and maintain the store and its adjoining property in a condition reasonably safe for the use of such tenants” and that Publix breached this duty.
At trial, Ms. Sweet testified that a woman [hereinafter referred to as “the woman”] came up to her while she was talking to the store manager, Bob Barton. Ms. Sweet testified that the woman told Mr. Barton that she had noticed the assailant while she was shopping. Ms. Sweet’s testimony did not reveal whether the woman *245 stated how much time had passed from the time she noticed the assailant in the parking lot to the time that Ms. Sweet’s purse was snatched. However, during Mr. Barton’s testimony, the plaintiff’s attorney asked Mr. Barton whether it is true that the woman told him in the presence of Ms. Sweet that she had noticed the man fifteen minutes prior to the attack. Mr. Barton responded that he does not remember that conversation. Publix contends that the testimony regarding what the woman said was impermissible hearsay. We agree.
“ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla.Stat. (1987). We find that the testimony was admitted to prove the truth of the matter asserted — that the assailant had been in the parking lot for a period of time. This testimony goes to the issue of whether Publix was on constructive notice that the assailant was in the parking lot prior to the attack. Additionally, contrary to the plaintiff’s argument, the hearsay statement is not admissible pursuant to any of the hearsay exceptions. See § 90.803, Fla.Stat. (1987).
In light of our disposition of this issue, we do not need to address Publix’s remaining point raised on appeal.
Accordingly, we reverse and remand for further proceedings.