JORGENSON, Judge.
John Jenkins appeals from judgments of conviction and sentences for sexual battery, lewd assault, and kidnapping. We affirm the convictions, but reverse the sentences and remand for resentencing.
We find no abuse of discretion in the trial court’s evidentiary rulings. In admitting the hearsay testimony of the child victims, the court complied with the requirements of section 90.803(23), Florida Statutes (1989) and made extensive findings determining the reliability of the children’s testimony. See Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
The trial court also properly exercised its discretion in refusing to admit, in its totality, a deposition offered to impeach a witness’ trial testimony. The trial court permitted defense counsel to read into the record those portions of the deposition that were inconsistent with the witness’ trial testimony. The defense also called as a witness the court reporter who had transcribed the deposition; she testified that based upon an examination of her notes, the transcript of the deposition was correct. Because the relevant portions of the deposition were read to the jury, the remainder of the deposition was properly excluded. Cf. Hills v. State, 428 So.2d 318 (Fla. 1st DCA 1983) (trial court erred in playing entire tape recording of grand jury testimony where only short segments necessary to show witness’ prior inconsistent statements).
Furthermore, we find no error in the trial court’s denial of defendant’s motion for a new trial based on defense counsel’s statement, made orally at the sentencing hearing, that he had discovered a newspaper in the room in which the jury had deliberated.[1] See State v. Hamilton, 574 So.2d 124 (Fla.1991) (when unreasonable allegation of juror misconduct made, court need not conduct inquiry; defendant must allege facts establishing prima facie argument for prejudice).
Although we affirm the convictions, we reverse the sentences. Imposition of the consecutive sentences in this case amounted to a departure from the sentencing guidelines; the trial court announced no reasons for such a departure. On remand, however, the trial court is not required to impose a sentence within the sentencing guidelines, as our review of the transcript of the sentencing hearing indicates that the court was not aware that it was imposing a departure sentence. See State v. Betancourt, 552 So.2d 1107 (Fla.1989) (where trial court did not recognize that it was imposing a departure sentence, court not required to impose guidelines sentence on remand for failure to state reasons for such departure).
Affirmed in part; reversed in part; remanded for further proceedings.

. The newspaper contained two articles dealing with investigations into child sexual abuse cases unrelated to defendant's case.