PER CURIAM.
Fidelia Alexander, a doctor of veterinary medicine, filed an action against Bird Road Ranch & Stables, Inc., to recover damages for injuries she sustained when she was thrown as she mounted a horse. We reverse the order granting a new trial solely on damages and remand for a new trial on all issues. The trial court erred in admitting an insurance investigator’s hearsay testimony as to the ranch owner’s eyewitness description of the accident. That testimony does not fall within any hearsay exception. See Publix Super Markets, Inc. v. Sweet, 579 So.2d 244 (Fla. 3d DCA 1991).
Dr. Alexander presented witnesses who testified as to the owner’s statements that “[he] never should have put [Dr. Alexander] up on that horse.... [and that] these horses shouldn’t have been ridden.” An investigator for Bird Road Ranch’s insurer subsequently interviewed the owner and testified, repeating the owner’s statements describing the accident. That hearsay testimony presented Bird Road Ranch’s version of the accident.[1] Bird Road Ranch contends that the testimony was admissible to impeach the owner’s prior admissions. See State v. Hill, 504 So.2d 407 (Fla. 2d DCA 1987); A.T. v. State, 448 So.2d 613 (Fla. 3d DCA 1984); § 90.806(1), Fla.Stat. (1989). We disagree. The owner’s statements describing the accident were not inconsistent with his previous admissions implying that the horse’s disposition rendered it unsuitable for Dr. Alexander to ride.[2] Thus, the owner’s description of the accident was not proper impeachment of his earlier statements. See Fogel v. Mirmelli, 413 So.2d 1204, 1207 (Fla. 3d DCA 1982); C. Ehrhardt, Florida Evidence § 608.4 (1992 Ed.); see also Jenkins v. State, 586 So.2d 1334 (Fla. 3d DCA 1991); Hills v. State, 428 So.2d 318 (Fla. 1st DCA 1983); see generally Smith v. State, 573 So.2d 306, 313 (Fla.1990); Tallahassee Memorial Regional Medical Ctr., Inc. v. Meeks, 560 So.2d 778, 781 (Fla.1990) (“Generally, a witness may be impeached by evidence of statements inconsistent with or contradictory to testimony at trial.”).
Furthermore, the admission of the investigator’s testimony was not harmless error. Bird Road Ranch sought to prove that the accident occurred because Dr. Alexander mounted the horse incorrectly. The investigator’s testimony reporting the owner’s statements was the sole evidence concerning that defense theory. Dr. Alexander, the only testifying eyewitness, presented a conflicting version of the accident. According to her version, the horse reared as she attempted to seat herself in the saddle.
Additionally, Bird Road Ranch presented an expert witness who offered an opinion based on the owner’s version of accident. In defense counsel’s closing statement, he addressed the investigator’s testimony as if it were substantive evidence rather than impeachment testimony. Because the hearsay statements could reasonably have affected the jury verdict finding Dr. Alexander 85% comparatively negligent, we do not conclude that the error was harmless. See Saul v. John D. & Catherine T. MacArthur Found., 499 So.2d 917 (Fla. 4th DCA 1986); George Hunt, Inc. v. Dorsey Young Constr., Inc., 385 So.2d 732 (Fla. 4th DCA 1980). We reverse and remand for a new trial on all issues.
Our resolution of this issue renders it unnecessary to reach Dr. Alexander’s remaining point or Bird Road Ranch’s cross-appeal.
Reversed and remanded.

. The investigator testified that the owner told him that when Dr. Alexander "went to get on the horse and for some reason just missed the saddle and sat on its hips and the horse came down slightly or came down and moved forward and she fell on her feet and to the ground." Dr. Alexander testified that she never sat down on the horse.

. The investigator's testimony that the horse was a gelding and exhibited mild behavior was inconsistent with the owner’s admissions.