# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0590

_____

JAMES ALLEN BLACK, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

September 24, 2020

B.L. THOMAS, J.

Appellant challenges the trial court's denial of his motion for postconviction relief alleging ineffective assistance of trial counsel and newly discovered evidence.

Appellant was charged by information with one count of robbery with a firearm arising from events that occurred on May 5, 2012. The victim was leaving a liquor store when Appellant approached him and asked for a light. The victim pulled out a five-dollar bill with his pack of cigarettes and Appellant pulled out a gun,[1] put it to the victim's head, and took the victim's money. After Appellant took the victim's money, the victim ran to a convenience

_____

[1] The gun was later found to be a BB gun.

store where he told a police officer that he had just been robbed. Eventually, the officer took him to a Travel Inn where he identified Appellant as the man who robbed him. According to the victim this occurred at about two or three a.m., but the officers involved stated that it occurred at about 5:30 a.m.

Appellant offered a different version of events. He testified that he resides at the Travel Inn and the victim came to buy crack from him on the night of the incident. The victim only had five dollars, so he also offered to give Appellant a BB gun as payment. Appellant agreed and then told the victim that he would pay him to pick up food for his sister. Appellant gave the victim his five dollars back to pay for the food. The next time Appellant saw the victim, he was pointing at him from the back of a police car at about 5:30 a.m.

The jury found Appellant guilty of robbery with a weapon and the trial court sentenced him to life in prison as a habitual felony offender. Defendant appealed his judgment and sentence, which were per curiam affirmed by this Court.[2] Appellant then filed a motion for postconviction relief in the trial court.

The trial court held a limited evidentiary hearing addressing some of Appellant's ineffective assistance of counsel claims and the newly discovered evidence claim. After the hearing, the trial court issued an extensive written order denying all of Appellant's claims.

"A claim of ineffective assistance of counsel is a mixed question of law and fact." *Pennington v. State*, 34 So. 3d 151, 154 (Fla. 1st DCA 2010). Appellate courts review a trial court's application of law to facts de novo. *Id.* Factual findings are reviewed for competent, substantial evidence. *Id.*; *Blanco v. State*, 702 So. 2d 1250, 1252 (Fla. 1997). A defendant has the burden to prove a claim of ineffective assistance of counsel at an evidentiary hearing on a Rule 3.850 motion. *Pennington*, 34 So. 3d at 154; *see also* Fla. R. Crim. P. 3.850(f)(8)(B).

The benchmark for judging an ineffective assistance of counsel claim is whether counsel's conduct so undermined the

---

[2] *See Black v State*, 129 So. 3d 365 (Fla. 1st DCA 2014).

proper functioning of the adversarial process that the trial cannot be relied on as producing a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, Appellant must show that counsel's performance was deficient, meaning that counsel's performance fell below the standard guaranteed by the Sixth Amendment. *Campbell v. State*, 271 So. 3d 914, 920–21 (Fla. 2018). Second, Appellant must show that counsel's deficient performance was prejudicial. *Id.* at 921. Counsel's performance is prejudicial where there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Wilson v. State*, 288 So. 3d 108, 110 (Fla. 1st DCA 2019).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Appellant is not entitled to perfect or error-free counsel, only reasonably effective counsel. *Waterhouse v. State*, 522 So. 2d 341, 343 (Fla. 1988). Just because trial counsel's strategy is unsuccessful, does not mean that their representation is automatically inadequate. *See Sireci v. State*, 469 So. 2d 119, 120 (Fla. 1985).

Appellant first argues that his trial counsel was ineffective for failing to investigate and admit into evidence the operating hours of the liquor store the victim was leaving when he was robbed. Appellant admitted a photograph of the liquor store hours during the evidentiary hearing, but the evidence did not substantiate those hours on the day the robbery occurred. Additionally, Appellant's trial counsel testified that she did not recall, and her notes did not reflect, that Appellant ever asked her to investigate the hours of the liquor store. As a result, Appellant failed to present evidence to support his ineffective assistance claim. *See* Fla. R. Crim. P. 3.850(f)(8)(B).

Additionally, Appellant argues that presenting the liquor store hours would have discredited the victim's version of events. However, trial counsel's defense strategy focused on discrediting the victim by pointing out his alcohol consumption on the night of the robbery and the difference between his timeline and that of the officer's. There is no indication that the outcome of Appellant's trial would have changed if trial counsel had presented evidence of the liquor store hours where counsel already offered testimony

3

discrediting the victim's version of events. *See Wilson*, 288 So. 3d at 110; *Pennington*, 34 So. 3d at 154.

Appellant's second argument is that his trial counsel was ineffective for failing to cross-examine the three officers who testified for the State about their knowledge of the liquor store hours. As previously stated, trial counsel's defense strategy focused on discrediting the victim by pointing out his alcohol consumption and the differing testimonies as to when the robbery occurred. Trial counsel presented testimony at trial showing the conflicting timelines of the victim and the officers. Because the jury was presented with evidence discrediting the victim due to a possible problem with the victim's timeline, trial counsel's cross-examination of the officers about the liquor store hours would not have changed the outcome of Appellant's case. *See Wilson*, 288 So. 3d at 110. Thus, the trial court's finding was supported by competent, substantial evidence. *See Pennington*, 34 So. 3d at 154.

Appellant's third argument is that his trial counsel was ineffective for failing to cross-examine Officer Pierandozzi, the officer who spoke to the victim on the night of the robbery, concerning the victim's conflicting version of events. To permit impeachment with an inconsistent statement, the former statement must be inconsistent with present testimony and must relate to material matters pertaining to the subject matter of the case. *Hills v. State*, 428 So. 2d 318, 319 (Fla. 1st DCA 1983).

Appellant focuses on the victim's differing version of events between Officer Pierandozzi's arrest report and the victim's deposition[3] and trial testimony. In the arrest report, the victim stated that he was robbed at the Travel Inn while he was walking from his house to his girlfriend's house. At trial, the victim testified that the robbery occurred after he left a liquor store near the Travel Inn.

At the evidentiary hearing, Appellant failed to present evidence that the victim's statement in the arrest report and his testimony at trial were truly inconsistent and related to material

---

[3] The victim's deposition was not included in the record, so our focus is on the victim's trial testimony.

matters pertaining to the subject of the case. *See Hills*, 428 So. 2d at 319. Whether the victim was robbed at the Travel Inn or after he left a liquor store near the Travel Inn does not have anything to do with whether he was robbed by Appellant. As a result, the trial court presented competent, substantial evidence supporting its finding that trial counsel's cross-examination of Officer Pierandozzi on this issue would not have resulted in a different outcome at Appellant's trial. *See Pennington*, 34 So. 3d at 154; *Wilson*, 288 So. 3d at 110.

Appellant's fourth argument is that his trial counsel was ineffective for failing to call a witness he requested. The witness provided a written statement as to what he would have testified had he been called at trial. However, the witness did not testify at the evidentiary hearing, so the trial court had no way of confirming the witness's written statement. Additionally, Appellant's trial counsel testified that Appellant did not mention any witness other than the one she called. As a result, the trial court presented competent, substantial evidence supporting its finding that Appellant's trial counsel was not ineffective for failing to call this witness at trial. *See Pennington*, 34 So. 3d at 154.

Appellant's fifth and sixth arguments have to do with the lesser-included offense of robbery with a weapon. Appellant contends that his counsel was ineffective for failing to object to the standard jury instruction for the lesser-included offense of robbery with a weapon and for failing to move for a judgment of acquittal as to the lesser-included offense.

A weapon is defined by statute as any "dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or *other deadly weapon* except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife. § 790.001(13), Fla. Stat. (2012) (emphasis added). A BB gun is considered an "other deadly weapon" when it is used in such a manner that it could have caused great bodily harm or death. *C.W. v. State*, 205 So. 3d 843, 844 (Fla. 2d DCA 2016); *Gooch v. State*, 652 So. 2d 1189, 1190–91 (Fla. 1st DCA 1995).

Here, the victim testified that Appellant held the gun to the victim's head and told him to give Appellant his money. Thus, the

5

State presented evidence for the jury to determine that Appellant used the BB gun in a manner that could have caused death or great bodily harm to the victim. *See C.W.*, 205 So. 3d at 844. Because the State presented sufficient evidence for the jury to determine that the BB gun was used as a weapon, the trial court was correct in concluding that trial counsel was not ineffective for failing to object to the standard jury instruction for the lesser-included offense of robbery with a weapon[4] and for failing to move for a judgment of acquittal on such offense.

Finally, Appellant argues that the trial court erred by denying him postconviction relief on his claim of newly discovered evidence based on a signed written statement from the victim recanting his trial testimony. "Recantation by a witness called on behalf of the prosecution does not necessarily entitle a defendant to a new trial." *Armstrong v. State*, 642 So. 2d 730, 735 (Fla. 1994). Recanting testimony is exceedingly unreliable, so it is the duty of the trial court to deny a new trial where it is not satisfied that such testimony is true. *Id.*; *Gorman v. State*, 260 So. 3d 1196, 1198 (Fla. 1st DCA 2019).

Here, based on the evidence provided, the trial court determined that it was not satisfied that the victim's written recantation was true. The trial court based its decision on the victim's testimony at the evidentiary hearing that he was forced to sign the statement or Appellant and some other inmates were going to "jump" him. Additionally, even though a prison employee testified that he did not notice any threatening behavior, he admitted that he was the only employee supervising approximately 100 inmates in the medical unit and some other inmate could have threatened the victim. Furthermore, Appellant's trial counsel testified that she attempted to contact the victim about the written statement, but he refused to speak to her.

---

[4] Additionally, the Florida Supreme Court has held that trial counsel's failure to object to standard jury instructions that have not been invalidated does not render counsel's performance deficient. *Thompson v. State*, 759 So. 2d 650, 665 (Fla. 2000). The standard instruction used here is still valid, providing further support for the trial court's determination that trial counsel was not ineffective.

As a result, the trial court correctly determined that the victim's recantation was not true. *See Armstrong*, 642 So. 2d at 735.

The trial court provided competent, substantial evidence supporting its factual findings denying Appellant's ineffective assistance of counsel claims. The trial court also properly applied the law related to Appellant's ineffective assistance of counsel claims and newly discovered evidence claim. As a result, we affirm the trial court's order denying Appellant postconviction relief.

AFFIRMED.

RAY, C.J., concurs; KELSEY, J., concurs in result only.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

James Allen Black, III, pro se, Appellant.

Ashley Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.