409 So.2d 197 (1982)
Larry McMILLIAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-363.
District Court of Appeal of Florida, Third District.
February 2, 1982.
*198 Bennett H. Brummer, Public Defender and Warren S. Schwartz and Elliot H. Scherker, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto and Paul Mendelson, Asst. Attys. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
In this appeal, we are asked to determine whether a prosecutor's comment to the jury during closing argument constituted prejudicial error requiring reversal. We hold that the court's denial of defendant's Motion for Mistrial following the state's comment, "Ladies and gentlemen, after hearing the facts, if you want to let Larry McMillian walk out of here, if you want to let this kind of horrible crime go on in Dade County, Florida  ", cannot be deemed harmless error. We reverse.
Mary Diack was seated in her automobile when she was approached by a black man in dark clothing who asked whether she had any jumper cables. When she responded that she did not, he asked her for a quarter to make a telephone call. As she looked for a quarter, the man put his towel-wrapped hand through the automobile window and demanded money. When Ms. Diack tried to roll up the window, the man removed her keys from the ignition and took her watch and $110. He then fled in a green Mustang.
While police were investigating the incident at the scene, a green Mustang passed by. The police chased the car, but when they reached it, no one was inside. Sometime later, the police, assisted by a dog, found defendant McMillian. Ms. Diack was allowed to view defendant McMillian, who stood handcuffed where he had been detained by police. Ms. Diack announced: "That's him, but he's changed his clothes." She indicated that her assailant had worn dark pants; McMillian was wearing beige pants.
When defendant McMillian was arrested, he had $73 in currency, $6.99 in change, Ms. Diack's watch, and causeway tokens similar to those taken from her. He testified that Willie Wright had borrowed his car to get some beer and when he returned, Willie gave McMillian the victim's watch and told him to leave the area because the police were looking for his car. On his way home, defendant drove past the place where the robbery had occurred; his automobile ran out of gas, and he was later arrested. The jury returned a verdict finding defendant guilty of robbery. He was sentenced to serve ten years in the state penitentiary. This appeal ensued.
During appellate argument the state conceded that the prosecutor's comment was improper. Whether the comment constituted harmful error must be determined by consideration of its effect when viewed in context with other circumstances appearing in the record. Darden v. State, 329 So.2d 287 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). In Pait v. State, 112 So.2d 380 (Fla. 1959), the Supreme Court of Florida announced the standard for reversal predicated upon improper argument, stating:
[W]hen an improper remark to the jury can be said to be so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence, then it may be considered as grounds for reversal ... even in the presence of a rebuke by the trial judge.
Id. at 385. If, upon objection and timely motion for mistrial, an appellate court is not satisfied beyond a reasonable doubt that the error did not contribute to the conviction, reversal is appropriate. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Glantz v. State, 343 So.2d 88 (Fla. 3d DCA 1977).
Our review of the record discloses no support for the state's comment that McMillian's release would foster this type of crime in Dade County. Furthermore, the evidence against defendant McMillian is far from overwhelming. Ms. Diack testified that when she first identified the defendant, *199 he was the only black male present, was handcuffed and in police custody. Although she indicated that he was the man that had robbed her, she stated that he had changed his clothing. When asked, "So you had a fairly good idea that the police had caught the suspect, yes or no?", she replied, "Well, if that's the man who was driving the car, yes." The vulnerable nature of her identification, when considered along with the fact that when arrested defendant possessed less money than the amount taken from Ms. Diack, increases the likelihood that defendant's conviction was obtained not solely from proof presented by the state, but with the reinforcement of its prejudicial comment to the jury. The court's instruction to the jury to disregard the remark could not erase the error, and deprived defendant of his constitutional right to a fair trial.
For these reasons, we reverse the conviction and remand for a new trial.