414 So.2d 557 (1982)
Elvis HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2213.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 18, 1982.
Bennett H. Brummer, Public Defender and Sharon B. Jacobs and Judith A. Bass, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
PER CURIAM.
Prosecutorial misconduct deprived appellant of his fundamental right to a fair trial, requiring that we set aside his conviction on two counts of robbery and a separate count of possession of a firearm and grant appellant a new trial on all counts.
Count I charged appellant with robbery with a firearm, committed on May 14, 1980. Count II charged him with possession of a firearm while engaged in a criminal offense on the same date. Count III charged him with robbery with a firearm, committed on May 20, 1980. Both robberies occurred at the South Miami Dry Cleaners and Laundromat and involved the same victim. The prosecutor, in his opening statement to the jury, said, "Keep in mind the fact that between the days of the 14th and the 20th there was the 17th of May when the riots began here in Miami." Defense counsel's objection was sustained, his motion for mistrial was denied, and the court instructed the jury to disregard the statement.
*558 Appellant was identified by the victim as having participated in both robberies. The state offered no other identification testimony. Appellant testified, denying that he had been in the laundromat on either date. Against this conflicting testimony as to identity of the robber, the respective credibility of which we do not attempt to weigh, the prosecutor in closing argument to the jury (1) expressed thanks to the jury on behalf of the victim, (2) referred to crime on the rampage in the community, (3) referred to the victim's tearful breakdown on the witness stand and implied that such was due to tactics of defense counsel, and (4) expressed his personal belief in the guilt of appellant as to both robberies. Defendant's several motions for mistrial and his post-trial motion for new trial were severally denied.
It is the responsibility of the prosecutor to seek justice, not merely to convict. That responsibility will be more nearly met when the jury is permitted to reach a verdict on the merits without counsel indulging in appeals to sympathy, bias, passion or prejudice. Prosecutors should give careful heed to the admonitions and restraints set forth in the numerous time-honored cases cited and discussed by Mr. Justice Drew in Grant v. State, 194 So.2d 612 (Fla. 1967), some of which are also cited and discussed by Judge Mann in Chavez v. State, 215 So.2d 750 (Fla. 2d DCA 1968).
In line with numerous decisions of the appellate courts of this state,[1] we conclude that the prosecutor's remarks in this case were so prejudicial to the rights of the appellant as to deprive him of his fundamental right to a fair trial, necessitating the reversal of his conviction for a new trial on all counts.
Prior to commencement of the trial, appellant moved to sever Counts I and II, relating to the robbery on May 14, from Count III, relating to the robbery on May 20. Appellant contends that the court order denying that motion was error, citing in support of his position Paul v. State, 385 So.2d 1371 (Fla. 1980) which adopted the dissenting opinion of Judge Robert Smith in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979). There is merit to this argument. Rule 3.152(a), Florida Rules of Criminal Procedure, mandates a severance upon a defendant's timely motion when two or more offenses are improperly charged in a single indictment or information. Rule 3.150(a), Florida Rules of Criminal Procedure, provides that two or more offenses may be charged in the same indictment or information when "based on the same act or transaction or on two or more connected acts or transactions." The two robberies were separate acts, and in spite of the close similarity of the modus operandi employed in connection with each, the two were not "connected acts" in the episodic sense. Paul v. State, supra. Since the two offenses were improperly charged in a single information, it was error to deny the appellant's timely motion for a severance.
Notwithstanding the mandatory nature of the rule, the error is not reversible per se, but is reversible only if it results in a miscarriage of justice or has injuriously affected the substantial rights of the defendant.[2] We conclude that the unique circumstance of this case  the single victim being the only state witness to identify appellant as being a participant in either of the robberies  renders the error harmless.
The purpose of requiring a severance was cogently stated by Judge Robert Smith in Paul v. State, supra, 365 So.2d at 1066:
But the more important purpose of requiring separate trials on unconnected *559 charges is to assure that evidence adduced on one charge will not be misused to dispel doubts on the other, and so effect a mutual contamination of the jury's consideration of each distinct charge. When as here the accuracy of an identification witness is critical in each unconnected case, their identifications will be regarded as mutually supportive although they are not mutually corroborative in law or in fact. The support that each identification lends to the other enables the prosecution to try the accused on a theory of cumulative guilt.
Here, the possibility of effecting an improper "mutual contamination" was not present. Had appellant been separately charged with and tried for each of the two robberies, the victim's testimony as to appellant's participation in both would be admissible at the trial of either, not to prove his guilt of the crime charged by evidence of his having committed a separate crime, but as tending to prove that the victim was clearly able to identify the defendant partly because of exposure to his similar memorable conduct on another occasion. See, Williams v. State, 110 So.2d 654 (Fla. 1959); People v. DuPree, 69 Ill. App.3d 260, 25 Ill.Dec. 735, 387 N.E.2d 391 (1979) (two robberies of same victim at restaurant five days apart); Choctaw v. State, 387 N.E.2d 1305 (Ind. 1979); State v. Crosby, 564 S.W.2d 357 (Mo. App. 1978).
The judgments and sentences are severally reversed and this cause remanded for a new trial on all counts.
NOTES
[1] See, e.g., Grant v. State, 194 So.2d 612 (Fla. 1967); Goddard v. State, 143 Fla. 28, 196 So. 596, 600 (1940); Sims v. State, 371 So.2d 211 (Fla. 3d DCA 1979); Porter v. State, 347 So.2d 449 (Fla. 3d DCA 1977); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975); Brown v. State, 284 So.2d 453 (Fla. 3d DCA 1973); Price v. State, 267 So.2d 39 (Fla. 4th DCA 1972); Chavez v. State, 215 So.2d 750 (Fla. 2d DCA 1968); Davis v. State, 214 So.2d 41 (Fla. 3d DCA 1968).
[2] §§ 59.041 and 924.33, Fla. Stat. (1981).