415 So.2d 822 (1982)
Jose GOMEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2514.
District Court of Appeal of Florida, Third District.
June 22, 1982.
*823 Bennett H. Brummer, Public Defender and William M. Grodnick, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.

Revised Opinion
PER CURIAM.
We add to the growing list of cases[1] requiring reversal on the basis of prosecutorial misconduct the case of Jose Gomez. He was convicted, following a jury trial, of aggravated assault, aggravated battery and possession of a firearm while engaged in a criminal offense.
The remarks which occasion this reversal were made during closing argument when the prosecutor concluded by saying:
Don't let that gentleman [Luis Martinez] with three children and a wife walk away without justice in this case, facing possible jail,[2] an arm that's hideously changed the rest of his life and let these gentlemen [the defendant and codefendant] walk away into our community and commit further crimes of this nature. These assassins must be put away.[3] It is your duty to do that. You told me you'll do that. (Footnotes added).
The remarks here are so egregious that reversal is compelled. United States v. Modica, 663 F.2d 1173 (2d Cir.1981); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1981); Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); see generally ABA Standards for Criminal Justice, 3-5.8 (1980).
The state suggests that we overlook the error complained of in view of the `overwhelming' evidence of guilt in this case. The overwhelming evidence of guilt upon which the state relies is the admitted perjured testimony of Luis Martinez, the victim. (Martinez subsequently recanted his perjury and, in so doing, admitted that all the eye witnesses who testified on behalf of the state agreed to perjure themselves as well). The state offers nothing with respect to the perjury committed by the other witnesses. We find the state's argument on this issue to be utterly devoid of merit.
For the reasons previously expressed and upon the authorities cited, this case is reversed and remanded for a new trial.
NOTES
[1] See Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982) and cases cited.
[2] Luis Martinez, the victim, admitted that he committed perjury during the course of the trial.
[3] The defendant had no prior criminal record (assuming arguendo that it was an appropriate issue).