425 So.2d 591 (1982)
Michael T. WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-436.
District Court of Appeal of Florida, Third District.
December 28, 1982.
*592 Bennett H. Brummer, Public Defender and Mark King Leban, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, BASKIN and FERGUSON, JJ.
SCHWARTZ, Judge.
Williams was convicted of the armed robbery of a supermarket. In treating his sole point on appeal, we once more find, as we have recently with wearying repetitiveness, see Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982), and cases cited; Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982), that the prosecutor's final argument was infected with error. Statements like the one made below  which was exacerbated by being substantially repeated with the apparent approval of the trial court  that if Williams were found not guilty, "he can walk out of this courtroom [and] go to work again just like he did that night,"[1] have been condemned in a long and uninterrupted series of Florida cases. Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); Sims v. State, 371 So.2d 211 (Fla. 3d DCA 1979); Porter v. State, 347 So.2d 449 (Fla. 3d DCA 1977); Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970); Chavez v. State, 215 So.2d 750 (Fla. 2d DCA 1968); Davis v. State, 214 So.2d 41 (Fla. 3d DCA 1968).
While we therefore thoroughly disapprove of the argument, we cannot hold that it justifies reversal. The evidence against Williams, which included a photograph taken of him while the robbery was being committed, was so overwhelming that the statements must be regarded as no more than harmless improprieties. E.g., Zamot v. State, 375 So.2d 881 (Fla. 3d DCA 1979).
Affirmed.
NOTES
[1] The pertinent portion of the transcript is as follows:

[MS. WEINTRAUB]: Defense counsel told you and I agree with him, if you find Michael Williams, the Defendant, not guilty, he can walk out of this courtroom. He can walk out, go to work again just like he did that night, nicely dressed.
MR. SCHWARTZ: Objection, your Honor. I have a motion.
May we approach the bench.
THE COURT: Let's have a side bar.
(Thereupon, counsel for the respective parties and the court reporter approached the bench and the following proceedings were had outside the hearing of the jury:)
MR. SCHWARTZ: Your Honor, the Defendant objects to the statement by counsel as well as the raising of the picture by her, and also move for a mistrial upon the ground that by her gesture and by her statement, it's letting the jurors now know letting him out of this courtroom, he will go out and do more crimes.
That is inflammatory. That is prejudicial. It's not relative 
THE COURT: Did I hear her say he is going to commit more crimes?
MR. SCHWARTZ: Held up that picture, the one identified, the one 
THE COURT: For holding up the picture?
MR. SCHWARTZ: For saying that he is going to work. There is no doubt in my mind as to what that meant.
THE COURT: Motion for a mistrial is denied.
(Thereupon, the following proceedings were had within the hearing of the jury:)
THE COURT: Jurors will disregard the last statement of the prosecution.
Proceed.
MS. WEINTRAUB: Do I have the Court's permission to complete my last sentence?
THE COURT: Agree.
MS. WEINTRAUB: If you find the Defendant not guilty, I agree with defense counsel, he walks out of the courtroom, gets dressed just as he did that night and goes to work.