425 So.2d 589 (1982)
Leonard HINES, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-168.
District Court of Appeal of Florida, Third District.
December 28, 1982.
Rehearing Denied February 7, 1983.
*590 Bennett H. Brummer, Public Defender and Alan M. Medof, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Scott Silver, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is taken from a judgment of conviction for robbery after which appellant was sentenced under the Youthful Offender Act. The contentions here are: (1) the court should have conducted an inquiry after appellant made a prima facie showing that the state was using its peremptory challenges to systematically exclude black jurors, (2) the prosecutor's comments in closing argument were highly improper and prejudicial, (3) the court's admonition to the state attorney in the presence of the jury was prejudicial, (4) by granting a state motion in limine the court deprived appellant of the benefit of exculpatory testimony from a credible witness.
We dispose of each point briefly in reverse order.
First, at trial appellant opposed the motion in limine on the grounds that the statement was admissible as a res gestae exception to the hearsay rule. The court properly overruled the objection. Here it is argued for the first time that the statement should have been admitted to show that a co-defendant, who pled guilty and who was called as a defense witness, contrary to what the state sought to establish, did not recently fabricate his testimony that the appellant was not a participant in the offense. § 90.801(2)(b), Fla. Stat. (1981). The point is not preserved for review. When an objection is made on one ground at trial, no new or different ground may be considered on appeal. Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982) and cases collected therein.
Second, the question posed by the prosecutor to a police witness, "What was your reason for dismissing the one person at the scene", may have been, as argued by appellant, designed to elicit an inadmissible identification of appellant based on an anonymous source. But if there was prejudice, which we doubt, it emanated not from the court's admonition of the prosecutor to "be careful ... on the issue of hearsay and *591 other matters ...", but from the question itself.
Third, we have on several occasions very recently been required to reverse convictions based on prosecutorial misconduct. This is another case that was tried during the same period in which overzealousness appears to have been the rule rather than an exception. The comment complained of herein also requires reversal:
Q. Mr. Baer [Prosecutor]: Ladies and gentlemen, I am going to close on this thought now: I am asking you, here to return a verdict in this case that you can feel good about it and be proud of. I am asking you to tell the community that you are not going to tolerate the violence that took place in Sewer Beach.
[Defense Counsel]: Objection. That is totally improper and I move to strike it.
THE COURT: It shall be sustained.
[Prosecutor]: There isn't any sympathy 
[Defense Counsel]: Your Honor, my I approach the bench?
THE COURT: Yes, sir.
[Defense Counsel]: The defense moves for a mistrial....
THE COURT: Your motion is denied.
The remark, an impassioned call to the jury to not only determine the guilt or innocence of the accused based on the evidence presented but to send a message to the criminal community regarding violence in general, is so egregious that reversal is compelled. United States v. Modica, 663 F.2d 1173 (2d Cir.1981); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982), Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982); Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); see generally ABA Standards for Criminal Justice 3-5.8 (1980). We do not find the evidence so overwhelming so as to justify overlooking the error.
Finally, having already determined that the conviction must be reversed and the defendant accorded a new trial, we need not address the remaining issue: Whether the state's use of its peremptory challenge is beyond court scrutiny, and if not, whether on this record appellant made a prima facie showing that the state used its peremptory challenges to impermissibly discriminate against a racially cognizable group.[1]
Reversed and remanded for a new trial.
NOTES
[1] Appellant alleges that the following facts make for a prima facie showing of discrimination: (1) the defendant is black and the victims white, (2) the state used four of its six peremptory challenges to exclude all blacks seated as prospective jurors, (3) the sole remaining black in the venire was seated as a prospective alternate, but was also excluded peremptorily without examination.