428 So.2d 357 (1983)
Nathaniel EDWARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-731.
District Court of Appeal of Florida, Third District.
March 22, 1983.
*358 Bennett H. Brummer, Public Defender and Gitlitz, Keegan & Dittmar, and James Keegan, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Scott Silver, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Appellant raises two issues by this appeal from his conviction for first-degree murder and robbery: (1) the court erred in denying his request for an instruction on voluntary intoxication, (2) the prosecutor's comment in closing argument was so inflammatory as to require a new trial.
Appellant's sole defense at trial was intoxication. The court denied his requested instruction, stating that it was not supported by evidence. We disagree.
Appellant did not take the witness stand. The evidence showed, nonetheless, that he had been drinking rum and coke at an all-night party which ended shortly before the time of the offense. The investigating officer testified that he questioned appellant shortly after he was arrested, and his responses were:
[H]e couldn't recollect what had taken place. He had been to a party, that he had been drinking and his memory as to what occurred  [h]e couldn't remember.
The law is settled that a defendant is entitled to have the jury instructed on the law applicable to his theory of defense where there is any evidence introduced in support thereof. Bryant v. State, 412 So.2d 347 (Fla. 1982); Palmes v. State, 397 So.2d 648 (Fla. 1981), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981), and cases cited therein. See also Motley v. State, 155 Fla. 545, 20 So.2d 798 (Fla. 1945). Even more on point is Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981), which holds that a requested instruction on intoxication must be given even though the only evidence of it comes from cross-examination of a state witness, is not supported by empirical evidence, and the defendant denies being intoxicated. 395 So.2d at 1209.
Voluntary intoxication is a defense to any crime requiring specific intent. *359 Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979); Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), overruled on other grounds, Parker v. State, 408 So.2d 1037 (Fla. 1982). The crime of murder has as a requisite element specific intent which, where disputed by factual evidence, must be resolved by the jury under appropriate instruction on the law. Frazee v. State, 320 So.2d 462 (Fla. 3d DCA 1975). Even if the evidence was not convincing to the court, it was sufficient to go to the jury as an issue of fact.
We turn to the second point on appeal. The closing argument complained of was as follows:
Mr. Kahn [Prosecutor]: All I'm going to ask you for is justice. I ask you for justice both on behalf of myself and the people of the State of Florida, also on behalf of [victim's] wife and children. [e.s.]
The prosecutor's argument was an improper appeal to the jury for sympathy for the wife and children of the victim, the natural effect of which would be hostile emotions toward the accused. It is the responsibility of the prosecutor to seek a verdict based on the evidence without indulging in appeals to sympathy, bias, passion or prejudice. Harper v. State, 411 So.2d 235 (Fla.3d DCA 1982). Here a timely objection to the argument was immediately overruled by the court without comment, which ruling stamped approval on the argument, thereby aggravating the prejudicial effect. In Harper v. State, a strikingly similar argument was made by the prosecutor,[1] and objected to by counsel for the defendant. We held that the trial court had failed to discharge its responsibility where the jury was merely advised to rely on the evidence, without rebuke of counsel, and without ruling on the objection.
We have been confronted with a rash of such arguments over the past year. Counsel have been consistently admonished, and the arguments have been condemned as unfair, intemperate, and unethical. See Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982); Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982); Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982); Harper v. State; McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); see generally ABA Standards for Criminal Justice, 3-5.8 (1980).
When it is made to appear that a prosecuting attorney's argument to the jury consists of an appeal to prejudice or sympathy calculated to unduly influence a trial jury, the trial judge should not only sustain an objection at the time to such improper conduct when objection is offered, but should so affirmatively rebuke the offending prosecuting officer as to impress upon the jury the gross impropriety of being influenced by improper arguments. Harper v. State, 411 So.2d at 237, citing Deas v. State, 119 Fla. 839, 161 So. 729 (Fla. 1935).
Reversed and remanded for a new trial.
NOTES
[1] In Harper, the prosecutor argued:

In the [B]ible it says to take a life is to take mankind and to save a life is to save mankind and all [Harper] did was kill a wino and he is sorry and so is [Smith's] wife and three children. They are sorry too.
In Gomez v. State, infra, the following argument required a reversal:
Don't let that gentleman [victim] with three children and a wife walk away without justice in this case, facing possible jail, an arm that's hideously changed the rest of his life and let these gentlemen [defendants] walk away into our community and commit further crimes of this nature. These assassins must be put away. It is your duty to do that. You told me you'll do that.
In Harper, as in this case, there was no record evidence that the victim had a wife and children.