430 So.2d 978 (1983)
Darrell CARR, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1056.
District Court of Appeal of Florida, Third District.
May 10, 1983.
*979 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
The appellant was arrested at the scene of the crime and charged with robbery with a firearm (Count I), aggravated battery (Count II), burglary (Count III), kidnapping (Count IV), and unlawful possession of a firearm while engaged in a criminal offense (Count V). The State nolle prossed Count V before the start of the trial. A jury found the appellant guilty as charged on Counts I, II, and III, and convicted him of false imprisonment, a lesser included offense under Count IV. The trial court sentenced the appellant to 134 years for the armed robbery conviction, 15 years for the aggravated battery conviction, and 5 years for the false imprisonment conviction; all sentences to be served consecutively.[1] We affirm.
The appellant raises two points on appeal. The first concerns the prejudicial and inflammatory comments made by the assistant state's attorney in the course of his closing argument.[2] This is a situation which arises with shocking frequency. See, e.g., Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982); Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982); Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982); Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982); Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982); and McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). While we find that the prosecutor's final argument was infected with error, we cannot hold that it requires reversal. Williams v. State, supra. This is not the same situation as in Hines v. State, supra, where we found that the evidence was not so overwhelming so as to justify overlooking the error. Id. at 591. In this case, appellant was found hiding in the warehouse where the crime was committed. The gun and articles stolen from the victim were found within one foot of the hiding place. The victim identified the appellant *980 as one of the two men involved in the crime. Here then, the evidence is so overwhelming that the prosecutor's statements must be considered as harmless error. Williams v. State, supra.
The second point questions, for the first time, the imposition of separate sentences for the armed robbery and the aggravated battery convictions. Appellant now argues that aggravated battery is a lesser included offense of armed robbery.[3] Defense counsel did not ask for an instruction on aggravated battery as a lesser included offense of armed robbery. In addition, after the jury returned a verdict of guilty as charged on both Count I (armed robbery) and Count II (aggravated battery), the trial court specifically asked defense counsel for his thoughts on whether she could impose separate sentences for each count and he indicated that she could.[4] However, "where fundamental error (such as a sentence which exceeds the lawful limit) appears on the record, it is reviewable by this court despite the failure of the appellant to raise the issue below". Robbins v. State, 413 So.2d 840, 842 (Fla. 3d DCA 1982).
In the case sub judice, the record clearly reflects that the information charged appellant with armed robbery and aggravated battery in two separate counts. These are separately defined offenses under sections 812.13 and 784.045, Florida Statutes (1981). In Borges v. State, 415 So.2d 1265 (Fla. 1982), the Florida Supreme Court, following the reasoning in Albernaz v. United States,[5] stated that "where the legislature has expressed its intent that separate sentences be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition." Id. at 1267. Accord Ferguson v. State, 420 So.2d 585 (Fla. 1982). The record also reflects that the evidence adduced at trial proved that the aggravated battery was an act completed before the robbery occurred and that the two crimes were separated in time by another intervening act. Hearns v. State, 378 So.2d 70 (Fla. 3d DCA 1979). We cannot conclude that the trial court erred in finding that the battery was not a part of the robbery nor necessary to its completion.
The trial court's rulings in this case do not present reversible error. Affirmed.
NOTES
[1] The trial court did not impose a sentence for the burglary conviction.
[2] Mr. Victor: "Your job here, the reason why we have six people sitting here is because you are supposed to be the conscience of our community. You speak, the community speaks. We want to hear you speak in this case. We want you to tell us if Darrell Carr's conduct on December 18, 1981 is acceptable conduct in the community. That's basically what you are telling us by your verdict of guilty or not guilty.
"If it is guilty, you are telling us no, it is not acceptable conduct. After you go back there, you consider the law that's given to you by Judge Gable and all the evidence that you heard in this case, you come back with a verdict of guilty as charged, through your verdict you tell that man this community is not going to tolerate this type of conduct under any circumstances."
[3] Aggravated battery is listed as a category II lesser included offense of robbery in the Florida Standard Jury Instructions (2d ed. 1981). Under this category, an aggravated battery may be a lesser included offense of robbery depending on the accusatory pleadings and the proof adduced at trial. See Brown v. State, 206 So.2d 377 (Fla. 1968). However, the Standard Jury Instructions were apparently not used in this case.
[4] Section 775.021(4), Florida Statutes (1981) requires a court to impose separate sentences for each crime committed during the course of one criminal transaction or episode, excluding lesser included offenses (emphasis added). State v. Cantrell, 417 So.2d 260 (Fla. 1982); Borges v. State, 415 So.2d 1265 (Fla. 1982).
[5] In Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), petitioners received separate sentences for violations of separate provisions of the Comprehensive Drug Abuse Prevention & Control Act, 21 U.S.C. § 801 et seq. The Supreme Court held: 1) where Congress delineated separate offenses and separate penalty provisions under the statute, it intended separate sentences to be imposed for the separate violations even though only a single criminal transaction occurred, and 2) such separate sentencing for the separate offenses does not violate the Double Jeopardy Clause.