MILLS, Judge.
Hightower appeals his conviction and sentence for robbery. We affirm.
During the evening of 16 November 1981, three black males entered a convenience store. After some shopping they approached the register. One of them struck the clerk. He then came around the counter and struck her several more times. His companions took the cash drawer and some cigarettes. The clerk positively identified Hightower as the man who hit her, both in photograph lineups and in court. She also identified his brother, Connie Hightower, as one of the participants.
A customer drove up as the robbers fled. He remembered two men and tentatively identified them as the Hightowers.
Connie Hightower, whose fingerprints were found on the cash drawer, testified that he and his brother and one Kenneth Brown committed the robbery. He admitted having told the police that a Willie Wong had participated instead of his brother. Connie denied having had psychiatric treatment.
Sam Hightower, the appellant’s father, proffered testimony that Connie told the Willie Wong version around the neighborhood. He also proffered testimony that Connie had seen a psychiatrist.
Hightower argues that the verdict is not supported by the evidence. This is wholly without merit.
He also argues that the proffered testimony was admissible to impeach Connie. Connie freely admitted changing his account of events. The proffer is not inconsistent with his trial testimony except as to the collateral issue of whom Connie told the Willie Wong version. No error was made in excluding this, Section 90.801(2), Florida Statutes (1981); Whaley v. State, 157 Fla. 593, 26 So.2d 656 (1946).
A defendant may challenge the capacity of the witness against him, Cruz v. State, (Fla. 1st DCA 1983), Case No. AJ-349, opinion filed 14 April 1983; Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976). The proffer in this case fails to challenge Connie’s capacity. No suggestion is made of any defect in Connie’s perception or memory. The bare assertion of psychiatric treatment does not call capacity into question.
Finally, Hightower has attempted to raise several issues pro se. Sufficiency of counsel must be presented to the trial court pursuant to Rule 3.850, Florida Rules of Criminal Procedure. No error was apparent in the sentencing proceeding. The record clearly shows notice both to Hightower personally and to counsel of intent to seek enhanced sentencing.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.