439 So.2d 314 (1983)
Pedro Pablo PERDOMO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1133.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Zimmer Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
PER CURIAM.
Defendant appeals his conviction for robbery alleging that a new trial is warranted *315 because of the prosecutor's improper closing remarks. We agree.
The offending comment is as follows:
[PROSECUTOR]: ...
In fact, unfortunately, most criminals prey on people who are by themselves. They wait for this woman walking alone back to her car at night, to pounce on her and steal her purse and get away with it. Just because there was no other witnesses to the actual commission of the crime does not create a reasonable doubt. There is a reason why, to choose members of Dade County ot [sic] sit on juries  because this is your county, and when you sit as a juror, your job is to decide what you think is criminal conduct in Dade County, and if you want to send a message out there, "Listen robbers you're picking on somebody by themself, we are going to let you go because there is no corroborating evidence, we find the defendant not guilty," then walk him out of the door, set him free, that is fine with me. If that is what you want to happen in Dade County, you do that.
[DEFENSE COUNSEL]: Objection, Your Honor.
THE COURT: Go to some other area. You just have a few minutes left.
[PROSECUTOR]: I'm concluding, Judge.
Ladies and gentlemen, I don't think that is what you want to happen in Dade County.
... .
Immediately after the prosecutor completed his closing statement, this discussion ensued:
[DEFENSE COUNSEL]: Your Honor, at this time the defense is going to move for a mistrial based on the statement made by the State that we have the right to subpoena witnesses and we did not bring anybody in. We believe that is a comment on the defendant's silence.
THE COURT: Deny the motion.
[DEFENSE COUNSEL]: Also the comment as to the jury's right to have, as far as, if we want this type of crime to be committed in 
THE COURT: I think that is close but I'm not going  I think that is verging on an improper comment but I don't think it is sufficient grounds to grant a mistrial and I deny the motion.
While the defense counsel's general objection was insufficient, see Ferguson v. State, 417 So.2d 639 (Fla. 1982), the motion for a mistrial at the close of the prosecutor's argument was timely made to preserve the error for our review. State v. Cumbie, 380 So.2d 1031 (Fla. 1980). Gauging by the trial judge's response, we have no doubt that it was sufficiently specific to apprise the trial court of the potential error as is required by Castor v. State, 365 So.2d 701 (Fla. 1978).
Reaching the merits, we find, in accordance with numerous decisions on this issue, that the prosecutor's comment improperly directed the jury to determine the guilt or innocence of the accused based on the potential message which it would send to the criminal community. See e.g., Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982), pet. for review denied, 430 So.2d 452 (Fla. 1983); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); Reed v. State, 333 So.2d 524 (Fla. 1st DCA 1976); Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970).
Because the evidence essentially consisted of the victim's vigorously-challenged identification of the defendant, we cannot find the error to be harmless. Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981); Postell v. State, 398 So.2d 851 (Fla. 3d DCA), pet. for review denied, 411 So.2d 384 (Fla. 1981).
Consequently, we reverse and remand for a new trial.
BARKDULL, Judge, dissenting.
I dissent and would affirm under the reasoning found in Ferguson v. State, 417 So.2d 639 (Fla. 1982); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982).