PER CURIAM.
The appellant was convicted of sexual battery upon his minor child of seven years in violation of section 794.011(2), Florida Statutes (1983). He received a capital life sentence with twenty-five years minimum mandatory. See Section 775.082(1), Florida Statutes (1983). Timely appeal was taken from the conviction and sentence. That appeal was dismissed on February 7, 1986, subject to reinstatement pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), for failure of the appellant to timely file a brief.
On October 2, 1987, the appellant filed a motion to vacate pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The principal ground of the Rule 3.850 motion was ineffectiveness of trial counsel in failing to raise an issue as to the competency of the seven-year-old to testify. The trial court denied the Rule 3.850 motion and a *532 timely appeal was taken to this court. While that appeal was pending the appellant moved pursuant to Baggett v. Wainwright, supra, to reinstate the original plenary appeal. On May 27, 1988, this court reinstated the plenary appeal and consolidated it with the appeal from denial of the Rule 3.850 motion for all appellate purposes.
Following a review of the child’s testimony during the trial and the Rule 3.850 proceedings, we find that there was ineffectiveness of counsel in failing to raise the issue during the trial, prior to the seven-year-old testifying, as to his competency to testify upon the following authority. See and compare Holmes v. State, 429 So.2d 297 (Fla.1983); Bell v. State, 93 So.2d 575 (Fla.1957); Hightower v. State, 431 So.2d 289 (Fla. 1st DCA 1983); Davis v. State, 348 So.2d 1228 (Fla. 3d DCA 1977).
Because this case must be retried, we note that the child was permitted to testify from another room via closed circuit television.[1] In this connection we note the recent cases decided since the trial of this cause. Glendening v. State, 536 So.2d 212 (Fla.1988); Coy v. Iowa, - U.S. -, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). We also note that the closing argument by the state would be violative of the following authority. Carr v. State 430 So.2d 978 (Fla. 3d DCA 1983); Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982); Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982) McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). Therefore, the final judgment and sentence under review be and the same are hereby reversed and vacated and the matter is returned to the trial court for a new trial.

. At the time of the trial, the trial court permitted the child to testify from another room via closed circuit television. In the room with the child were a special master presiding, together with the prosecution and defense counsel. The defendant and the trial judge remained in the courtroom. The defendant was equipped with an ear device so that he could hear everything occurring in the room where the child was testifying. He was also equipped to talk with defense counsel without interrrupting any of the proceedings. The defendant, along with the court and jury, could view everything in the room where the child was testifying, and the child could view the defendant in the courtroom over a television monitor while he was testifying.