11 So.3d 1005 (2009)
Alfred CRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3407.
District Court of Appeal of Florida, First District.
July 6, 2009.
*1006 Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
AFFIRMED.
HAWKES, C.J., and ALLEN J., concur.
CLARK, J., concurs with Opinion.
CLARK, J., concurring.
During his opening statement, the prosecutor spoke to the jury about the victim's lengthy and illustrious past military service, the catastrophic and numerous injuries she suffered while serving in the military, her past remarkable athletic accomplishments and her honorable discharge from the military after she became physically disabled. In response to a defense objection, the prosecutor said he was not making these comments to gain the sympathy of the jury, but instead was explaining to the jury why the victim was in a wheelchair on the evening of the crime and while testifying at trial. The trial judge overruled the objection.
A trial judge is granted wide latitude over the control of prosecutorial comments. Occhicone v. State, 570 So.2d 902 (Fla.1990), Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994). However, a blatant appeal to the jury for sympathy for the victim, the natural effect of which would be hostile emotions toward the accused, is improper. It is the responsibility of the prosecutor to seek a verdict based on the evidence without indulging in appeals to sympathy, bias, passion or prejudice. Here, the victims' illustrious military background, her several injuries while in the military and her previous remarkable athletic career were not relevant to the development of the case, and should not have been permitted. It is improper to evoke the jury's sympathy regarding the victim. Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983), Thomas v. State, 787 So.2d 27 (Fla. 2d DCA 2001).
The trial court abused its discretion in overruling the objection to the statements. However, I do not believe the opening statement was so prejudicial as to vitiate the entire trial.
I agree that the conviction and sentence should be affirmed.