IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARCO ANTONIO RODRIGUEZ,

      Appellant,

 v.                                 Case No.  5D15-3622

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

James S. Purdy, Public Defender, and Ali L.
Hansen, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

EDWARDS, J.

Marco Rodriguez appeals his convictions for lewd or lascivious molestation.  The

jury may have reached the proper verdict, given the evidence in this case.  However,

there is no doubt that Appellant was denied a fair trial due to egregious prosecutorial

misconduct, compounded by defense counsel's unexplained failure to object.[1]  We are compelled to vacate Appellant's conviction and remand for retrial.  Appellant's retrial is not just a "do over."  The alleged victim, a child, will once again have to tell her story of familial sexual molestation to a judge and a second jury, while Appellant will once again be publicly accused and tried for sexually molesting a five-year-old.  All of the witnesses' normal schedules will be interrupted as they stand by to testify and attend court.  Other parties' trials will be delayed because this case must be tried twice.  Confidence in our judicial system suffers when prosecutors are permitted to utilize clearly inappropriate closing arguments to convict.  Winning at all costs is too high a price to be paid by too many.

A criminal trial is supposed to be conducted in a neutral arena in which both sides offer evidence for the jury's consideration.  *Ruiz v. State*, 743 So. 2d 1, 4 (Fla. 1999).  "Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence."  *Merck v. State*, 975 So. 2d 1054, 1061 (Fla. 2007).  "It is the responsibility of the prosecutor to seek a verdict based on the evidence without indulging in appeals to sympathy, bias, passion or prejudice."  *Edwards v. State*, 428 So. 2d 357, 359 (Fla. 3d DCA 1983).  If the prosecutor makes clearly inappropriate comments during closing argument, defense counsel has an affirmative duty to contemporaneously object, both to preserve the issue for appellate review, and, for an equally or perhaps more important reason, to give the trial judge a chance to remedy the potential harm by instructing the jury and avoiding its repetition in that trial.  *Merck*, 975 So. 2d at 1061; *Dorsey v. State*, 942 So. 2d 983, 986 (Fla. 5th DCA

---

[1] Appellate counsel were not the prosecution or defense trial counsel below.

2006). "[T]he trial judge should not only sustain an objection at the time to such improper conduct when objection is offered, but should so affirmatively rebuke the offending prosecuting officer as to impress upon the jury the gross impropriety of being influenced by improper arguments." *Edwards*, 428 So. 2d at 359 (citations omitted).

Appellant was on trial with regard to alleged specific incidents of sexual molestation or abuse committed when the victim was five years old. The charged criminal conduct concerned allegations of Appellant forcing the five-year-old victim to masturbate him after they watched an inappropriate animated movie and additional claims that he used a vibrator to massage the five-year-old's vagina. These allegations of abuse came to light approximately ten years later, when Appellant engaged in admittedly inappropriate conduct. Specifically, Appellant confessed to massaging the teen's breasts for about two minutes while they were in a St. Augustine motel room with the victim's sleeping mother. Appellant was accused of other inappropriate sexually-oriented touching at the motel, but denied these accusations. The next morning, when the mother awoke from her medication-influenced sleep, the victim told her what had taken place the night before and what took place when the victim was five.

The evidence of the charged crimes, namely what allegedly happened when the victim was five, included the victim's and mother's testimony, pretrial statements made to police by Appellant, recorded phone calls between the victim's mother and Appellant, and police testimony. The testimony and statements were not limited to what occurred to the victim at age five; instead, there was an extensive amount of *Williams*[2] rule evidence about the events that took place ten years later at the St. Augustine motel.

---

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

3

The prosecutor's initial closing argument fell within the anticipated and acceptable scope of reviewing and commenting on the evidence, the relative credibility of the victim and Appellant, and a discussion of the verdict form. However, during his rebuttal closing argument the prosecutor strayed from acceptable zealous representation, repeatedly crossed far beyond the outer limits of acceptable argument, while venturing deeply into the realm of prosecutorial misconduct. Unfortunately and inexplicably, defense counsel sat silently by, never objecting, during the repeated improper comments made by the prosecutor. Thus, we must consider whether the prosecutor's inappropriate remarks made during closing amount to fundamental error. "Fundamental error in closing arguments occurs when the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury." *Crew v. State*, 146 So. 3d 101, 108 (Fla. 5th DCA 2014) (quoting *Silva v. Nightingale*, 619 So. 2d 4, 5 (Fla. 5th DCA 1993)).

The prosecutor repeatedly referred to Appellant as a "pedophile." Inflammatory labels used by a prosecutor to describe the defendant are improper invitations for the jury to return its verdict based on something other than the evidence and applicable law. Vituperative or pejorative characterizations of a defendant are not acceptable tools to be employed by the prosecutor. *Crew*, 146 So. 3d at 109. Calling Appellant a pedophile was "clearly designed to inflame the prejudices of the jury and constituted an impermissible general attack on [his] character." *Petruschke v. State*, 125 So. 3d 274, 280 (Fla. 4th DCA 2013). Referring to a defendant as a "pedophile" suggests the defendant has engaged in repeated sexual abuse of minors and raises a profiling argument, namely that because he is a pedophile, it is likely that he would sexually molest children, including this

4

specific victim. *Hudson v. State*, 820 So. 2d 1070, 1072 (Fla. 5th DCA 2002). Here, the prosecutor referred to Appellant as a pedophile seven times, providing far greater potential for unfair prejudice than a single such reference might, as in the cases relied upon by the State. *See McPhee v. State*, 117 So. 3d 1137, 1139 (Fla. 3d DCA 2012); *Hudson,* 820 So. 2d at 1072.

The prosecutor crossed the line again in closing by making the well-known and completely inappropriate "justice for the victim" argument, by stating:

> [T]he criminal justice system does not exist only to protect the rights of defendants. . . . [T]here's another person in this equation, and that's the victim. The victim has a right to justice, just like he [Rodriguez] does. Equal justice under the law applies not just to defendants, but to victims, as well. He's had his day in court. It's time to give the victim her due. It's time to give her justice.

"A prosecutor's request that the jury show sympathy for the victim . . . is clearly improper." *Crew*, 146 So. 3d at 110 (alteration in original) (quoting *Johns v. State*, 832 So. 2d 959, 962 (Fla. 2d DCA 2002) (additional citations omitted)). Such statements have been "uniformly condemned" because they may inflame the minds and passions of jurors. *Cardona v. State*, 185 So. 3d 514, 521-22 (Fla. 2016). Such "arguments have been condemned as unfair, intemperate, and unethical." *Edwards*, 428 So. 2d at 359 (citations omitted). The potential harm of that argument can be sufficiently ameliorated only where such comments are isolated and are met by timely defense objections which are sustained by a trial judge who then instructs the jury to disregard the comments and admonishes the prosecutor to cease. *Crew*, 146 So. 3d at 111-12 (Berger, J., concurring); *Dorsey*, 942 So. 2d at 986. Here, there were no objections, no curative instructions, and no rebuke of the prosecutor for repeatedly crossing clearly established lines.

5

To further erode the fairness of the trial, during closing arguments, the prosecutor misstated, misrepresented, and/or inaccurately recounted certain evidence, including repeatedly saying that Appellant had admitted to several specific inappropriate sexually-related activities with the victim, when in fact Appellant had consistently, repeatedly denied them. "[M]isquoting a defendant or implying a defendant said something [that he did not] is a misrepresentation of the evidence." *Crew*, 146 So. 3d at 108 (citing *State v. Cutler*, 785 So. 2d 1288 (Fla. 5th DCA 2001)). As the Sixth Circuit Court of Appeals explained:

> Misrepresenting facts in evidence can amount to substantial error because doing so may profoundly impress a jury and may have a significant impact on the jury's deliberations. For similar reasons, asserting facts that were never admitted into evidence may mislead a jury in a prejudicial way. This is particularly true when a prosecutor misrepresents evidence, because a jury generally has confidence that a prosecuting attorney is faithfully observing his obligation as a representative of a sovereignty.

*Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (internal citations omitted).

There are more examples of the prosecutor approaching or crossing the line of proper closing argument by: (i) repeatedly calling Appellant a liar[3]; (ii) making nationalistic appeals to what sexual information the people of the United States do not want five year olds to have; (iii) ridiculing Appellant's position with sarcastic remarks and comments; (iv) and stating that Appellant violated one of the most sacred duties of our society by his

---

[3] It may be acceptable for a prosecutor to argue that the defendant has not been truthful, and even to use the words "lie" and "liar" if the evidence supports the argument as long as the prosecutor does not invite conviction based solely on who is telling the truth, and the jury is instructed to reach its verdict based only on the evidence and the law. *Compare Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987), *with Pacifico v. State*, 642 So. 2d 1178, 1183 (Fla. 1st DCA 1994).

conduct.  Each of these comments invited the jury to return a verdict for any number of reasons other than proof of guilt beyond a reasonable doubt.  The prosecutor's continuous and varied improprieties here raise the concern that this may not have been "merely [an] isolated example[] of understandable, if inexcusable overzealousness in the heat of trial," but rather suggests that the improprieties may have been "deliberately calculated to accomplish just what representatives of the state cannot be permitted – inducing a jury to convict by unfairly prejudicing it against the defendant."  *Jackson v. State*, 421 So. 2d 15, 16 (Fla. 3d DCA 1982).

"While 'wide latitude is permitted in closing argument, . . . this latitude does not extend to permit improper argument.'"  *Cardona*, 185 So. 3d at 520 (alteration in original) (quoting *Gore v. State*, 719 So. 2d 1197, 1200 (Fla. 1998)).  "As we have stated for decades, we expect and require prosecutors, as representatives of the State, to refrain from engaging in inflammatory and abusive arguments, to maintain their objectivity, and to behave in a professional manner."  *Id.* at 516 (citations omitted).  In order for a prosecutor's improper comments in closing to be deemed so unfairly prejudicial as to require a new trial, "they must vitiate the trial or so poison the minds of the jurors that [the defendant] did not receive a fair trial."  *Gonzalez v. State*, 786 So. 2d 559, 567 (Fla. 2001) (internal quotation marks omitted) (quoting *Harris v. State*, 742 So. 2d 835, 839 (Fla. 2d DCA 1999) (additional citation omitted)).

"The general rule is that the failure to raise a contemporaneous objection to those comments constitutes a waiver of the right to claim error on appeal."  *Davis v. State*, 937 So. 2d 273, 275 (Fla. 4th DCA 2006) (citation omitted).  Appellant offers no explanation for why defense trial counsel failed to object to the many improper remarks made by the

7

prosecutor during rebuttal closing arguments. "The sole exception to the general rule is where the unobjected-to comments rise to the level of fundamental error, which has been defined as error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Brooks v. State*, 762 So. 2d 879, 898-99 (Fla. 2003) (quoting *McDonald v. State*, 743 So. 2d 501, 505 (Fla. 1999) (additional citations omitted)). "[W]here prejudicial conduct in its collective import is so extensive as to pervade the trial, a new trial should be awarded regardless of the want of an objection." *Silva*, 619 So. 2d at 5 (citation omitted).

"Taken individually, in a different case, the prosecutor's comments may not have been so egregious as to warrant reversal. However, the remarks must be viewed cumulatively in light of the record in this case." *Cochran v. State*, 711 So. 2d 1159, 1163 (Fla. 4th DCA 1998). The flood of improper prosecutorial comments in closing argument in this case was deep, wide, and unrelenting; it made a mockery of the constitutional guarantee of a fair trial for Appellant. "Here, the improprieties in the prosecutor's closing argument reached the critical mass of fundamental error." *Id.* Even if we were convinced that the State had presented sufficient evidence to support the jury's verdict, a new trial is required because of the detrimental effect of the closing argument in this case. *Cardona*, 185 So. 3d at 519.

Since there must be a retrial, we advise the attorneys who will prosecute and defend to carefully read our opinion and the many important cases which we have cited so that there will be no doubt where admirable advocacy ends and inappropriate, unfair closing argument begins. Armed with that knowledge, the prosecutor can zealously pursue justice, avoid snatching defeat from the jaws of victory, and dispense with a

meaningful discussion with the Florida Bar or a local professionalism panel. Likewise, well informed defense counsel will be positioned to effectively advocate for Appellant by contemporaneously objecting to any perceived inappropriate arguments. Further, we note that trial courts have a duty, even without hearing any objection, to bring a swift and sure end to prosecutorial misconduct in closing argument, especially when it becomes as frequent and flagrant as in this trial. *See Crew*, 146 So. 3d at 111 (Berger, J., concurring); *Borden v. Young*, 479 So. 2d 850, 852 (Fla. 3d DCA 1985).

Finally, we also have a duty to take appropriate action concerning what we perceive to be several clear departures from professionalism and possible ethical violations on the part of the prosecutor. *See Fla.* Code of Jud. Conduct, Canon 3D(2); R. Regulating Fla. Bar 4-3.4(c), 4-3.4(e), & 4-3.5(a). If this argument had taken place in our court, we might have been able to take appropriate action by determining whether the prosecutor's lapse in professionalism was intentional and deserving of some sanction or whether it would be better addressed by a strong rebuke from this court accompanied by directions for the prosecutor to become well educated on proper closing argument. However, we did not have that opportunity to directly address the attorney or the conduct. Accordingly, the action we take is to order the clerk of this court to provide the Florida Bar with a copy of this opinion, a copy of the trial transcript, and a letter identifying the attorney who prosecuted this case on behalf of the State at the trial court level, so that the Bar or on its referral, the Ninth Judicial Circuit's Local Professionalism Panel, can decide how best to address this lawyer and the unfortunate conduct.

REVERSED AND REMANDED FOR A NEW TRIAL

ORFINGER, J., concurs.

PALMER, J., dissents with opinion.

I respectfully dissent because, in my view, the unobjected-to statements made by the prosecutor, although improper, do not rise to the level of fundamental error.