SHARP, W., J.
The state appeals a sentence imposed against the appellee, Bruce W. Cutler (Cutler), and Cutler cross-appeals his conviction of aggravated assault with a firearm.[1] Cutler argues that the trial court reversibly erred in overruling defense counsel’s objection to statements made by the prosecutor during closing argument. We agree and reverse the conviction and sentence.[2]
The evidence at trial established these charges grew out of a “road rage” incident which took place on July 15, 1999. Cutler drove to a shopping plaza located on U.S. 19 in Hernando County. He went to his bank and withdrew $4,700 in cash to meet payroll for his employees, and to pay his material bill for his exterior stucco business. He had intended to go for target practice and had a gun, for which he had a *1289 permit, in his truck with him. Later he was going to pick up his girlfriend and attend a casual wedding. As Cutler was exiting the shopping plaza, he cut off a mini-van driven by Anthony Luci (Luci).
Both Luci and his passenger, Elisa Bar-buto (Barbuto) testified that about a mile down the road from the shopping plaza, they observed Cutler coming up fast behind them. Luci testified he could tell that Cutler was up to “no good,” and directed Barbuto to keep her eye on him while he drove. They testified Cutler pursued them for several miles, and that they were very fearful of him. Luci testified in detail to blocking Cutler’s path on the road with the mini-van to keep Cutler from pulling his truck next to the mini-van. At one point Luci testified he had even “bor-derlined” two lanes to prevent Cutler from getting by. Ultimately, they testified that Cutler came up beside them and threatened them with a firearm, raising it up and pointing it at them. They turned off U.S. 19 onto another road, and stopped and called police, who located Cutler and arrested him.
Cutler’s version of the events was that he did not realize he had cut off the minivan or hear their horn because he had his radio playing loudly. But he did see Bar-buto, (he thought she was a man), give him the finger as the mini-van went by. When he later tried to pass them, the mini-van repeatedly cut in front of him, blocking him in as he attempted to change lanes and pass. Because he had $4,700 in cash with him, he initially feared that there might be another vehicle involved, whose occupants had seen him at the bank. He thought he saw Luci reach down for something, and figured it was a gun. At that point, he reached for his gun, which was in a range bag. He had to pull the gun up to the level of visibility to get it out of the bag, but testified he never pointed it at Luci or Barbuto. He also testified his truck had never been next to the mini-van. There were no other eyewitnesses to the incident, and the jury’s verdict hinged upon the credibility of Luci, Barbuto and Cutler.
Because credibility of the witnesses was such a key issue in this case, we find it necessary to address only one instance of prosecutorial error, as it is determinative. In closing argument the prosecutor told the jury:
But when Mr. Cutler ... was up here on the stand, he was starting to describe how he was taking that gun out of the bag, and Mr. Toner [defense counsel] was asking the questions. And [Cutler] said, I ivas taking that gun out and I was going — he stopped. He was about to tell you what he was going to do with that gun. I don’t know if you remember. He was going to tell you that he was gonna — he was just trying to scare them. That’s what he was going to tell you. That was going to be the rest of the sentence, (emphasis added)
Defense objected, but the judge overruled the objection because he found it to be a “fair characterization” of the testimony. The effect of these comments was that the prosecutor told the jury that Cutler’s testimony had stopped short of a virtual confession to the offense with which he was charged.
We have thoroughly reviewed the transcript and have discovered that Cutler never made the statement “I was taking that gun out and I was going to.... ” Nor did he make any similar statement. Thus both this “testimony” and the prosecutor’s conclusion that when Cutler stopped speaking he was going to say that he was just trying to scare Luci and Barbuto, were a figment of the prosecutor’s imagination or mis -memory. As a result, the prosecutor interjected “evidence” never *1290 adduced at trial, which was tantamount to a confession. Interjection by a prosecutor during closing argument of matters which were never adduced at trial, requires reversal. See Caraballo v. State, 762 So.2d 542 (Fla. 5th DCA 2000); Henry v. State, 743 So.2d 52 (Fla. 5th DCA 1999). We find that these comments constituted prejudicial error, that the error injuriously affected the substantial rights of Cutler, and that it affected the jury’s verdict. §§ 924.051(1)(a), 924.33, 59.041.
REVERSED.
PETERSON and SAWAYA, JJ., concur.

. § 784.011, Fla.Stat. (1998)

. For this reason, the state's point on appeal is moot, although pending this appeal it conceded error.