IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTHONIQUE PAMPHILE,

      Appellant,

v.                                 Case No.  5D16-3195

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 9, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Rachael E. Bushey, of O'Brien Hatfield,
P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Anthonique Pamphile appeals the denial of two motions for postconviction relief.

We conclude that the trial court erred in summarily denying ground three of Pamphile's

rule 3.850 motion, but otherwise affirm.

Following a jury trial, Pamphile was convicted of robbery with a firearm, aggravated assault with a firearm, and third-degree grand theft. This court affirmed his convictions and sentences. *Pamphile v. State*, 113 So. 3d 949 (Fla. 5th DCA 2013).

In ground three of his rule 3.850 motion, Pamphile alleged that his trial counsel was ineffective by failing to object to improper prosecutorial comments made during closing argument. Specifically, he alleged that the prosecutor misstated facts regarding which perpetrator had a gun during the robbery and further misled the jury to believe that he had confessed to the crime, which he had not. Pamphile attacks the relevant portion of the closing argument, in which the prosecutor argued:

> Nobody, other than Mr. Pamphile, has ever said that anyone other than him had the gun . . . [the victim] said Mr. Pamphile had the gun. . . . [T]he gun was found on the rear floorboard where Mr. Pamphile was sitting.

Pamphile further alleged that he suffered prejudice as a result because the jury relied on the improper comments in rendering its verdict.

Ground three of Pamphile's rule 3.850 motion was facially sufficient. Misstatements of fact during closing argument are objectionable. *See Skanes v. State*, 821 So. 2d 1102, 1105 (Fla. 5th DCA 2002) ("[T]he misstatement of testimony during closing argument may prove to be reversible error." (citing *State v. Cutler*, 785 So. 2d 1288 (Fla. 5th DCA 2001))).

In summarily denying ground three, the postconviction court concluded that Pamphile had shown neither deficient performance nor prejudice, attaching transcript excerpts of witness testimony from the trial. However, those excerpts do not conclusively refute Pamphile's claim—indeed, they tend to support the claim. First, the attachments do not reflect that Pamphile made a statement admitting to his presence at the robbery.

2

Second, the excerpts include testimony from the victim that a co-defendant, not Pamphile, was in possession of the firearm. Third, the excerpts include testimony that the gun was found on the rear floorboard where the co-defendant, not Pamphile, was sitting. On remand, the trial court shall either attach records that conclusively refute ground three of Pamphile's motion or hold an evidentiary hearing.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

PALMER, EVANDER and BERGER, JJ., concur.